(No. 20955.—

THE PLAYHOUSE THEATRE, Plaintiff in Error, *vs.* THE IN-DUSTRIAL COMMISSION *et al.*—(IDA R. TAYLOR, Defend-ant in Error.)

*Opinion filed December 17, 1931.*

McKENNA & HARRIS, (JAMES J. McKENNA, and ABRA-HAM W. BRUSSELL, of counsel,) for plaintiff in error.

ADOLPH MARKS, for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

This cause is here upon writ of error, by leave of this court.

On June 10, 1927, George C. Taylor, the husband of defendant in error, Ida R. Taylor, received an accidental injury in the course of his employment with plaintiff in error, the Playhouse Theatre, and as a result thereof it became necessary to amputate his leg. After the amputation plaintiff in error entered into a settlement contract with Taylor for the loss of his leg for the sum of $2520, in pay-

ments of $14 each week. This contract was approved by the Industrial Commission in May, 1928. Weekly payments of $14 were made to Taylor up to September 22, 1928. On September 28, 1928, Taylor died from causes not resulting from the accident in question. Thereafter his widow, defendant in error, filed an application for adjustment of death claim with the Industrial Commission and also a petition to review the settlement contract under paragraph (h) of section 19 of the Workmen's Compensation act. After hearing before an arbitrator and a review by the Industrial Commission the circuit court of Cook county, on *certiorari,* confirmed the finding of the Industrial Commission that Taylor's death had resulted from causes other than the accident in question but held that under the statute she was entitled to, and should receive, the balance due upon the settlement contract, and entered an award therefor.

The decision in this cause is governed by the rule laid down in *Stanswsky* v. *Industrial Com.* 344 Ill. 436, where it was held that the rights of an injured employee and the liability of his employer are determined by the law in force when the injury occurred, and that the amendment of 1929 to paragraph (e) of section 8 and to section 21 of the Compensation act, providing that in certain cases the balance of compensation due to an employee may be paid to his dependents after his death from causes other than the injury, does not apply where the employee was injured prior to July 1, 1929, when the amendment took effect. Reference is made to the *Stanswsky case* for a construction of the amendment of 1929 and a discussion of the authorities upon which the rule therein announced was based.

The judgment of the circuit court is reversed.

*Judgment reversed.*