(No. 29780.—

PULLMAN-STANDARD CAR MANUFACTURING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MYRTLE DONALD, Defendant in Error.)

*Opinion filed January 22, 1947—Rehearing denied March 17, 1947.*

KNAPP, CUSHING, HERSHBERGER & STEVENSON, (JOSEPH L. EARLYWINE, of counsel,) both of Chicago, for plaintiff in error.

ROBERT P. SULLIVAN, (GEORGE W. ANGERSTEIN, of counsel,) both of Chicago, for defendant in error.

Per CURIAM: In 1943, Alfred T. Donald was employed by the Pullman-Standard Car Manufacturing Company and on July 12 he sustained an accidental injury for which he filed an application with the Industrial Commission for adjustment of compensation. An arbitrator allowed $17.63 per week for 43 weeks for temporary total incapacity, and

$17.63 per week for a further period of 153 weeks under paragraph (e) of section 8 "for the reason that the injuries sustained caused the permanent loss of 90% of the use of the right hand." The arbitrator found that $742.79 had been paid on account of such injury, that $385.53 had accrued to October 3, 1944. He directed that such amount be paid and that the remainder be paid in weekly payments. The arbitrator's decision was filed with the commission October 13, 1944, and, after notice from the commission, Donald and the employer each filed a petition for review. On November 28, 1944, the employer gave notice of its intention to introduce additional medical evidence on the hearing before the commission and requested Donald to appear before its medical examiner for examination. Donald died from natural causes on December 7, 1944, which was before a hearing had been had by the commission on the petitions for review. On August 1, 1945, the commission sustained the award of the arbitrator and on *certiorari* the superior court of Cook county sustained the commission. Leave to review by writ of error was granted.

Plaintiff in error contends the widow, as the sole dependent of the injured employee, does not have the right to recover the unpaid portion of the award. It is contended that at the time of the death of the injured employee there had not been a determination of the amount of the specific loss on which the claim for compensation was based. Defendant in error contends she has the right to be substituted for the injured employee, under paragraph (e) of section 8. This identical question was determined in *Neumann* v. *Industrial Com. ante*, p. 224, in which opinion has been filed at this term. That case is controlling here, and for the reasons there stated the judgment of the superior court in this case is reversed and the award of the commission is set aside.

*Judgment reversed; award set aside.*