(No. 29714.—

MORTON G. NEUMANN *et al.,* doing business as Valmor Products Co., Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ROSE S. NEUMANN, Defendant in Error.)

*Opinion filed January 22, 1947.*

Vogel & Bunge, (Frank H. Master, Jr., of counsel,) both of Chicago, for plaintiffs in error.

William W. Sher, Scott J. Vitell, and Leo S. Karlin, all of Chicago, for defendant in error.

Mr. JUSTICE MURPHY delivered the opinion of the court:

Adolph Neumann was an employee of Morton G. Neumann and Rose F. Neumann doing business as Valmor Products Company. In August, 1944, while on a business trip for his employer, he slipped and fell, fracturing his left wrist. Within the time fixed by the Workmen's Compensation Act he filed an application for adjustment of his claim. The regular course of procedure was followed, and on April 4, 1945, the arbitrator's decision was filed with the commission. The claim was held to be compensable and hospital expenses and medical charges were allowed. Compensation of $17.63 per week for 8 weeks as temporary total incapacity was awarded and a like sum per week for a further period of 59½ weeks was also allowed. The latter allowance was stated to have been made under paragraph (e) of section 8, as amended, (Ill. Rev. Stat. 1945, chap. 48, p. 1648,) "for the reason that the injuries sustained caused the petitioner permanent and complete loss of 35% use of left hand." Nothing had been paid on account of such injury.

Within the time fixed by law, the employers asked the commission to review the arbitrator's decision and gave notice of intention to introduce additional evidence and also requested oral argument. Before a hearing was had, Neumann died, May 31, 1945, from causes unconnected with the first injury. After his death, the cause proceeded before the commission with the same issues that had previously been raised by the employers and additional questions as to whether the claim had survived Neumann's death and whether his widow, who was his sole dependent, should be substituted as petitioner. The commission permitted the substitution, heard some additional evidence and confirmed the decision of the arbitrator but made no provision for the payment of the award to the widow. On

*certiorari,* the superior court of Cook county affirmed the order of the commission. The employers' petition for writ of error was granted and the cause is here for further review.

On behalf of the widow it is contended that the abstract of record is insufficient to present the issue on the abatement question. The abstract discloses that when the cause came on for hearing before the commission, the employers objected to proceeding with the hearing until there had been suggestion of the death of Adolph Neuman and the substitution of the representative of his estate. It further appears that counsel made proof of death and moved that Rose E. Neumann, the widow, be substituted as petitioner. The employers objected, contending that any substitution should be by the representative of Neumann's estate. The objection was overruled. The abstract is not as full as the facts shown in the record would warrant, and a more complete abstract would have clarified the action taken by the commission, but the suggestion of the death of Neumann, the substitution of Rose E. Neumann as petitioner and confirmation of the arbitrator's decision do appear and that is sufficient to present the question of survival of the claim.

It is obvious that at the time the record was being made before the commission in reference to the substitution, counsel for the employers was insisting that the personal representative of the estate should be substituted on the theory that the decision of the arbitrator had determined the award and that the representative of the estate could collect the weekly payments that had accrued from the date of the accident to the date of death. On this record the contention is made that the arbitrator's decision did not determine the award and that the whole of the claim was abated by petitioner's death. The fact that there is a difference between the contention made before the

commission and the one now made does not prevent the employers from urging that the whole of the claim abated. Without survival of the claim or some of the weekly payments of compensation awarded by the arbitrator, the commission was without jurisdiction to proceed and the employers' adoption of inconsistent theories of defense would not serve to supply such want of jurisdiction.

Section 7 (par. 144,) of the act pertains to liability in the event of the death of an employee by accidental injury and provides that benefits shall be paid to certain classes of dependents. Of course the other class of claims is those where the accident does not cause death and in such cases the benefits are payable to the employee. Section 21 (par. 158,) contains the following: "Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto, subject to the provisions of this Act relative to compensation for death received in the course of employment, and subject to the provisions of paragraph (e) of Section 8 of this Act relative to specific loss."

Defendant in error contends Neumann's claim was a specific loss case and was so designated by the arbitrator in his decision and that subparagraph 19 of paragraph (e) of section 8 provides for the survival of specific loss claims in the event the employee dies from causes unconnected with the injury before the whole of the award is paid. Said subparagraph 19 provides: "In a case of specific loss under the provisions of this paragraph and the amount of which loss has been determined under the provisions of this Act, and the subsequent death of such injured employee from other causes than such injury, leaving a widow and/or lineal dependents surviving before payment in full for such injury, then and in that event the balance remaining due for such injury shall be payable to such dependents, in the proportion which such dependency bears to total dependency."

It will be observed that the language of said subparagraph makes its application dependent on certain facts, *viz:* (1) that the claim must have been for one of the specific losses enumerated in paragraph (e); and (2) "the amount of which loss has been determined." The arbitrator's decision was that the award of 59½ weeks at $17.63 per week was compensation for a specific loss under paragraph (e) of section 8. The correctness of that classification is not questioned and for purposes here we accept it without further discussion.

The parties attach much significance to the words of subparagraph 19 "and the amount of which loss has been determined." Both agree the amount of the specific loss must be determined but they disagree as to what constitutes a determination. Plaintiffs in error contend an arbitrator's decision which, at the time of the death of the employee, had not become the decision of the commission does not meet the requirement. Defendant in error contends the arbitrator's decision has such a degree of finality fixed upon it by the statute as to bring it within the meaning of subparagraph 19.

If defendant in error's contention were to be sustained, it would be to hold that the right to substitution of the widow and/or lineal dependents included not only the right to collect the award but also the right to prosecute the claim before the commission. The statute expressly provides that after an arbitrator has filed his decision with the commission either party has a right to petition for a review and may, in connection therewith, introduce additional evidence. There is nothing in subparagraph 19 that indicates that the legislature intended to give the widow and/or lineal dependents the right to prosecute the claim before the commission. Indeed, the language used shows that the General Assembly intended there should be no substitution of parties until the contest on the claim had been

ended by a decision of the commission. The provision that if the injured employee dies from other causes "before payment in full" then the widow and/or dependent lineal descendants may be substituted in place of the employee implies that the claim has advanced through the procedure provided by the act to the stage of payment. The further provision that the "balance remaining due from such injury" shall be payable to the substituted parties carries the thought that the claim has been determined with such finality that only payment remains.

In *New National Coal Co.* v. *Industrial Com.* 373 Ill. 468, the injured employee died before any application for adjustment of claim had been filed. After his death the widow, who was his sole dependent, filed an application for adjustment of the claim and when the cause reached this court subparagraph 19 was the subject of consideration and interpretation. It was there said that the statute "refers to a loss the amount of which has been determined, and not one the amount of which may be determined. We think it clear that the determination referred to is a determination by the machinery or methods provided in the act; that is, by proceedings before the Industrial Commission or arbitrator or by settlement contract approved by the commission. It refers to death subsequent to such determination, and the determination is to be under the provisions of the act, and not under the provisions of paragraph 145(e)19. The whole import of the paragraph is that it covers cases where the rights of the parties have been established in some method provided by the act prior to the employee's death, and the purpose of this provision is to preserve the right to recover the balance which has been fixed but not paid. This construction conforms to the ordinary definition of the word 'determine.' Webster's International Dictionary, (p. 608, par. (4),) defines it as follows: 'To bring to a conclusion, as a question or contro-

versy; to settle by authoritative or judicial sentence; to decide; as the court has determined the cause.'"

Defendant in error relies on that part of the language quoted above from the *New National Coal Company case* where it is said, "that is, by proceedings before the Industrial Commission or arbitrator or by settlement contract approved by the commission" as holding that an arbitrator's decision determines the amount of loss notwithstanding the employee to whom the compensation was awarded died before the arbitrator's decision became the decision of the commission. In that case no application for adjustment of claim had been filed by the employee so that the effect and finality of an arbitrator's decision was not at issue. Any consideration of such a question would have been foreign to the issues. Furthermore, the sentence relied upon is not susceptible of the interpretation urged. It will be observed that the discussion was as to the requirement that the amount of loss had to be determined before subparagraph 19 could be applied. In such discussion the necessity of proceedings to determine the amount of the loss was emphasized and, in so doing, reference was made to the proceedings before the commission or arbitrator or to a settlement contract approved by the commission. It was not intended to hold, and the opinion does not hold, either expressly or by implication, that the arbitrator's decision filed with the commission but not yet adopted by it becomes a determination of the amount of the loss within the meaning of subparagraph 19.

The character of the arbitrator's decision and his relation to the Industrial Commission has been before this court in several cases. In *Pocahontas Mining Co.* v. *Industrial Com.* 301 Ill. 462, it was said that the arbitrator, in his consideration of the case was but the agent of the commission, similar in character to that of a master in chancery or referee in bankruptcy so far as the character

of the functions performed by him was concerned. It was there said: "The award of the arbitrator, like the report of the master in chancery, may become final by its entry upon the records of the commission, and does become final if it is not contested, but if it is contested before the commission the jurisdiction of the commission to review is original jurisdiction as certainly as the action of the circuit court in reviewing or passing upon the master's report and entering final decree is original jurisdiction." See, also, *Rodriguez* v. *Industrial Com.* 371 Ill. 590. In the latter case, in discussing the nature of the jurisdiction which the commission exercised, it was said: "We are of the opinion that regardless of whether the commission hears testimony in addition to that heard by the arbitrator, it exercises an original jurisdiction and is in no way bound in such case as this by the arbitrator's finding." *Garbowicz* v. *Industrial Com.* 373 Ill. 268.

It should be noted the facts of this case are distinguishable from the facts in cases such as *Central Illinois Light Co.* v. *Industrial Com.* 359 Ill. 430, where the commission had confirmed the arbitrator's award before the death of the injured employee. In those cases the right of substitution of the widow and/or lineal dependents was sustained. The arbitrator's decision in this case pending before the commission at the time of the death of the injured employee was not such a determination of the amount of the specific loss as to give defendant in error the right to be substituted under subparagraph 19 of paragraph (e).

For the reasons assigned, the judgment of the superior court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed; award set aside.*