(No. 4038-)

CHARLOTTE LAWRENCE, ADMX., ET AL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1950.*

KRUSEMARK AND KRUSEMARK, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER, Assistant Attorney General, for Respondent.

LANSDEN, J.

On March 28, 1946, George S. Lawrence was employed by respondent as a common laborer in the Division of Highways of the Department of Public Works and Buildings. On that day, while so employed, he was struck by a timber projecting from a State Highway truck below the left knee fracturing the tibia.

Mr. Lawrence was hospitalized until April 20, 1946, and after several examinations by respondent's doctors it was found that he was able to return to work on May 19, 1947. Mr. Lawrence did not, however, return to work until October, 1947, but from May to October he worked for about three weeks driving a tractor on a farm ten to twelve hours a day.

From the record, we conclude that Mr. Lawrence was able to return to work on May 19, 1947, and the record further discloses that he was paid compensation for temporary total disability from March 29, 1946, through May 19, 1947, at the rate of $18.00 per week, or the sum of $1,072.24.

Respondent furnished and paid for all medical, surgical and hospital services required to cure and relieve Mr. Lawrence from the effect of his accidental injury, which arose out of and in the course of his employment.

On September 16, 1947, Mr. Lawrence filed a claim in this Court alleging that he was entitled to additional compensation by reason of the injuries sustained as the result of his accident, and a partial hearing of this case was held in December, 1947. Mr. Lawrence at that time was again working for the Division of Highways, and had worked since the middle of October, 1947, and he continued to work until January 25, 1948, upon which day he died at his home after attending to the furnace therein as a result of a cerebral hemorrhage, complicated by hypertension.

It is apparent from the record that Mr. Lawrence's claim could only have been predicated on a specific loss of use of his left leg, he neither being totally nor permanently disabled, nor being entitled to compensation for any permanent partial disability, since his earnings after he returned to work for respondent were at a greater rate than prior to his accident.

This claim for specific loss abated as a result of the death of Mr. Lawrence, Section 8 (e) 19 of the Workmen's Compensation Act, since such claim for specific loss had not been determined at the time of his death. This phase of the case is controlled by *Neumann* v. *Ind. Com.*, 396 Ill. 224.

After leave first had been requested and obtained, an amended complaint was filed herein on May 12, 1949, substituting Charlotte Lawrence, Administratrix of the Estate of George S. Lawrence, Deceased, as claimant, and the amended complaint was predicated on the fact that the death of George S. Lawrence on January 25, 1948, was attributable to the injury he received on March 28, 1946, and that claimant was entitled to a death award.

A doctor testified in behalf of claimant that Mr. Lawrence evidenced marked hypertension after his acci-

dent, such hypertension becoming progressively more acute with the result that he finally died as a result thereof. We are not impressed by such testimony, since such doctor was vague, evasive and uncertain. Although he had been the attending physician of Mr. Lawrence in his lifetime, he constantly stated that Mr. Lawrence had sustained the fracture of the fibula of his left leg, when it is undisputed that the fracture was to the tibia. Such doctor submitted six written reports to respondent within approximately one year after Mr. Lawrence was injured, and in such reports there was no mention made of the fact that Mr. Lawrence evidenced hypertension. This doctor blandly explained such omission on the ground that the information was not requested by the form for reporting, or by any representative of respondent. For such doctor to attach such importance to hypertension, as he did at the last hearing in this case, without ever previously mentioning it, is to tax much too heavily the credulity of this Court.

A doctor testified for respondent, who obviously was much more qualified in the field of hypertension than was claimant's doctor, having observed not less than 2,000 cases, and this doctor, in answer to questions propounded by claimant's attorney, categorically stated that there would be evidence of hypertension after such injury, but that it would tend to diminish in intensity thereafter.

We, therefore, conclude that there was no causal connection between the accident sustained by George S. Lawrence on March 28, 1946, and his death on January 25, 1948, and we are, therefore, not justified in making any award in this case.

Sarah C. Boris, Joliet, Illinois, was employed to take and transcribe the testimony at the hearings before

Commissioners East and Wise. She has rendered a bill in the amount of $83.25, which amount is reasonable and customary. An award is, therefore, entered in favor of Sarah C. Boris in the amount of $83.25.

An award to Charlotte Lawrence, Administratrix of the Estate of George S. Lawrence, Deceased, is denied.

This award is subject to the approval of the Governor. Ill. Rev. Stat. 1949, Chapter 127, Section 180.