### In re CHICAGO RAPID TRANSIT CO.. JACOBY v. FALLON.

### No. 10418.

United States Court of Appeals
Seventh Circuit.

Nov. 9, 1951.

Edward Sternberg, Chicago, Ill., for appellant.

David A. Watts, Thomas R. McMillen, Chicago, Ill., Bell, Boyd, Marshall & Lloyd, Chicago, Ill., of counsel, for appellee.

Before MAJOR, Chief Judge, and KERNER and DUFFY, Circuit Judges.

MAJOR, Chief Judge.

Appellant, Lena W. Jacoby (referred to as claimant), administratrix of the estate of her deceased husband, Arthur Jacoby, filed a claim in a bankruptcy reorganization proceeding wherein appellee was the debtor's trustee. The trustee moved to dismiss the claim because the court was without jurisdiction of the subject matter. The matter was referred to a special master who, after hearing, made his report and recommended that the claim be dismissed. Claimant filed objections to such report and the court, by its order of February 28, 1951, overruled said objections and confirmed the report. From this order the appeal comes to this court.

Seldom, if ever, have we had occasion to consider a record where it is so difficult to discern the basis upon which it is sought to maintain an action or the issues relied upon by a party allegedly aggrieved by a ruling of the district court.

It appears that claimant's decedent filed before the Illinois Industrial Commission a claim for injuries allegedly sustained on August 30, 1943. A hearing was had before an arbitrator who, on June 21, 1945, found: " * * * that said petitioner, Arthur Jacoby, failed to maintain the burden of proof that, on August 30, 1943, he sustained an accidental injury which arose out of and in the course of his employment. That no compensation has been paid on account of said alleged injury." A petition for review of such finding was filed with the Industrial Commission which, on December 15, 1947, was dismissed for want of jurisdiction. Arthur Jacoby died on July 1, 1949. On July 25, 1949, an application was presented to the Industrial Commission (by whom the record does not disclose) for reinstatement of the claim, which was dismissed for lack of jurisdiction.

On March 23, 1950, a complaint was filed in the Circuit Court of Cook County, Illinois, by Mrs. Lena Jacoby (not as administratrix) on behalf of her deceased husband, by which it appears she sought a review of the adverse finding of the arbitrator, theretofore made on June 21, 1945. At any rate, the plaintiff prayed that the "decision of the arbitrator be dissolved and a trial de novo be had before this Honorable Court."

On May 18, 1950, the prosecution of the proceeding in the State court was enjoined by the United States District Court which was in the process of reorganizing the defendant's estate under the Federal Bankruptcy Act, 11 U.S.C.A. § 1 et seq., and plaintiff was given leave to file her claim in that court. On June 7, 1950, claimant as administratrix filed her claim in the district court, in which she prayed that the "administratrix demands judgment against Chicago Rapid Transit Company in the amount of Sixty Thousand Dollars ($60,000.00). On August 28, 1950, claimant filed an amended claim, with the same prayer for relief. It is from the order of the court dismissing this amended claim for want of jurisdiction of the subject matter that claimant appeals.

Many problems presented to a court of review are difficult to solve but the difficulty is enhanced where, as here, we are unable to discern from the record with any certainty what we are called upon to decide.

We gather, however, from claimant's amended complaint which was dismissed, together with her complaint which was filed in the State court, that her case is premised upon the allegations, not very definitely or certainly made, that the decedent, Arthur Jacoby, was incompetent at the time of the hearing before the arbitrator (June 21, 1945), that his counsel who presented the claim had withdrawn from his case and he was unable to obtain other counsel, that perjured testimony was introduced in that hearing by the employer, and that the finding of the arbitrator was induced by fraud.

Even though we indulge in the violent assumption that such was the case, it is not discernible how claimant as the administratrix of the decedent's estate is entitled to any relief in the instant proceeding. Admittedly, the parties are bound by and subject to the provisions of the Illinois Workmen's Compensation Act, Ill.Rev. Stat.1949, Ch. 48, Sec. 138 et seq., Sec. 143 of which provides: "No common law or statutory right to recover damages for injury or death sustained by any employe while engaged in the line of his duty as such employe, other than the compensation herein provided, shall be available to any employe who is covered by the provisions of this act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury * *."

■ We think it clear that the Circuit Court of Cook County was without jurisdiction to entertain claimant's complaint which sought a review of the arbitrator's decision or a hearing de novo upon the claim which was presented to and decided by the arbitrator. That would follow from the decision of the Illinois Supreme Court in Sweitzer v. Industrial Commission, 394 Ill. 141, 68 N.E.2d 290. The reasons for such lack of jurisdiction are clearly stated by the court in its opinion and are applicable to claimant's State court proceeding.

■ It is obvious that upon removal of the claim from the State to the Federal court, the latter acquired no additional or different jurisdiction; in fact, the order by which the claim was removed bound the parties to prosecute and defend the claim "to the same extent and with the same defenses as though it were being heard by said Circuit Court." And it is equally obvious that the district court did not acquire jurisdiction to entertain a cause for damage in the amount of $60,000, or any other amount. But assuming that the claimant was still seeking relief under the Illinois Act, as some portions of her amended claim indicate, the Federal court, like the State court, was without authority to review the decision of the arbitrator.

■ But there are other reasons, perhaps even more compelling, why claimant's claim cannot be maintained. As already noted, decedent's alleged injuries were sustained on August 30, 1943, and his death occurred July 1, 1949. Any right which he had to receive compensation was extinguished by his death. Sec. 158 of the Illinois Act so provides, and it has been so held by the Illinois Supreme Court in Neumann v. Industrial Commission, 396 Ill. 224, 71 N.E.2d 168. Thus, the claimant, either in her capacity as administratix or in any other, would not be entitled to recover for injuries sustained by her husband or, in the absence of an award made to him, compensation to which he might have been entitled in his lifetime.

The fact that claimant seeks a recovery in the amount of $60,000 "for injuries sustained by Arthur Jacoby," coupled with the allegation that he received injuries which resulted in his death, indicates that claimant is attempting to present a death claim. If such be the case, there is no provision in the Illinois Act which would give either the Illinois Industrial Commission or a court jurisdiction to entertain such a claim at this late date. True, by Sec. 144, compensation is provided for certain dependents upon death resulting from injuries sustained in the course of employment; however, there are two prerequisites which must be met: (1) death must occur within one year of the accident, and (2) application for compensation for death may be filed with the Commission within one year from the date of death and not thereafter. The Supreme Court of Illinois has held that there can be no allowance of compen-

sation for death in the absence of a compliance with these statutory requirements. Hilberg v. Industrial Commission, 380 Ill. 102, 43 N.E.2d 671. In the instant case, decedent's death occurred some six years after the alleged accidental injury and, so far as the record shows, no application was ever filed with the Industrial Commission for compensation because of such death.

Claimant cites no case or authority which would authorize the allowance of her claim. The special master, judging from his report, gave careful consideration to the numerous contentions advanced by claimant's counsel. His conclusion that the court was without jurisdiction of the subject matter was, in our view, correct. It follows that the court properly overruled claimant's objection to such report.

The order appealed from is affirmed.