(No. 40023.—

Wm. J. Burns International Detective Agency, Appellant, *vs.* The Industrial Commission *et al.*— (Ceylon M. Wyllys, Appellee.)

*Opinion filed December 1, 1966.*

Williams, McCarthy, Kiney & Rudy, of Rockford, (John C. McCarthy and George J. Picha, of counsel,) for appellant.

Goldman and Jacobsen, of Rockford, (Russell J. Goldman, of counsel,) for appellee.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

Ceylon M. Wyllys, an employee of the Wm. J. Burns Detective Agency, filed application for adjustment of claim

for workmen's compensation, alleging accidental injuries to his right hand arising out of his employment. The matter was heard by an arbitrator, who made an award for temporary total disability and for permanent and complete loss of use of the right hand. The employer filed a petition for review before the Industrial Commission, with a notice of intent to furnish additional evidence and a request for oral argument.

Before hearing was had the employee died as a result of a heart attack unrelated to his employment. The employer thereupon moved to abate the proceedings. The commission denied the motion and its decision was affirmed by the circuit court of Winnebago County. The employer appeals directly to this court, insisting that under the terms of the act as construed by this court the claim is extinguished and the proceedings must be abated. It is undisputed that the employer provided for all necessary first-aid, medical, hospital and surgical services, and that compensation for temporary total disability, as well as part of that for specific loss, was paid.

Section 22 of the Workmen's Compensation Act states that "Any right to receive compensation hereunder shall be extinguished by the death of the person or persons entitled thereto, * * * subject to the provisions of paragraph (e) of Section 8 of this Act relative to specific loss." (Ill. Rev. Stat. 1963, chap. 48, par. 138.22.) By paragraph (e) of section 8 it is provided that in cases where a specific loss award "has been determined" under the provisions of the act, and the employee thereafter dies from other causes before the award is fully paid, the balance remaining due is payable to surviving dependents. Ill. Rev. Stat. 1963, chap. 48, par. 138.8(e).

In *Neumann* v. *Industrial Com.* 396 Ill. 224, upon facts essentially identical to those in the case at bar, this court held that where the award is contested before the commission there is no "determination" of the claim within the

meaning of paragraph (e) until an order is made by the commission. Upon the employee's death from other causes prior to a decision by it, even claims for specific loss are extinguished and the proceeding must abate.

The *Neumann* holding was reaffirmed in *Colclasure* v. *Industrial Com.* 14 Ill.2d 455, wherein neither disability compensation nor hospital, surgical and medical expenses had been fully paid at the time of the employee's death. It was held that the term "compensation" as used in section 22 refers only to the compensation embodied in the right to temporary and permanent disability payments, not to necessary hospital, surgical and medical expenses incurred or paid by the deceased employee, that the claim for the latter expenses is therefore not extinguished, and that because of its presence the commission erred in abating the proceedings *in toto*. As we have hereinbefore indicated the employer in the case at bar provided all such services and only the right to permanent disability payments is involved.

There is no material distinction between the *Neumann* and *Colclasure* cases and the case at bar. They are controlling in this case and neither the reasons for the judicial construction nor the policy of the statute need be restated here.

Our decision in *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32, relied upon to sustain the judgment below, is clearly inapplicable. In that case death did not occur until after the Industrial Commission had entered its order awarding compensation. Under such circumstances it is not disputed that a loss "has been determined" within the meaning of section 8(e). Such is not the case here.

The judgment of the circuit court is reversed and the award of the Industrial Commission is set aside.

*Judgment reversed; award set aside.*