(No. 51411.—

WILSON-RAYMOND CONSTRUCTORS COMPANY, Appellant, v. THE INDUSTRIAL COMMISSION et al., (Helen Lyskawa, Appellee).

*Opinion filed February 1, 1980.—Modified on denial of rehearing March 28, 1980.*

Burgeson, Laughlin, Cunningham & Smith, of Chicago (John E. Cunningham and Andrew Marzal, of counsel), for appellant.

J. Michael Madda & John E. Flavin, of Chicago (Charles Wolff, of counsel), for appellee Helen Lyskawa.

Sweeney & Riman, Ltd., of Chicago, for appellees Chicago White Sox and Home Insurance Company.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This action was originally brought by Edwin Lyskawa under the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.1 *et seq.*) to recover benefits for injuries sustained by him on September 3, 1971. The cause is brought to this court under Rule 302(a) (73 Ill. 2d R. 302(a)) from a decision of the circuit court of Cook County confirming an award.

Edwin Lyskawa was hired by respondent, Wilson-Raymond Constructors Company, in approximately 1960 as a carpenter. He was assigned to work at various locations and eventually settled at White Sox Park, where, in approximately 1962, he became foreman of a four- or five-man crew composed of individuals who had also been hired by Wilson-Raymond and assigned to White Sox Park.

On September 3, 1971, Lyskawa was asked by a White Sox executive to remove a road sign from the nearby Dan Ryan Expressway. In attempting to remove the sign, approximately 14 feet above the ground, Lyskawa fell, breaking his left leg. In this instance, as always, Lyskawa received his work instructions from the White Sox.

On August 23, 1972, Lyskawa filed a claim with the Industrial Commission, specifying Wilson-Raymond as his employer. On December 9, 1974, an arbitrator entered an award of $79 per week for 26 weeks for temporary total disability and $63 per week for 160 weeks for the 80% loss of use of Lyskawa's left leg. That part of the award which relates to temporary disability has been paid, as have medical, surgical and hospital expenses.

Following the arbitrator's award, Wilson-Raymond filed a petition for review and a third-party action against

the White Sox and its workmen's compensation insurer, Home Insurance Company. The White Sox and Home Insurance thereafter filed a special appearance and moved to dismiss the third-party action.

On August 19, 1975, pending review before the Commission, Lyskawa died from an unrelated cause. His widow, Helen, subsequently filed a motion to substitute herself for her husband as claimant. The White Sox and Home Insurance filed objections to the motion to substitute, arguing that the proceedings abated by reason of Lyskawa's death and citing the provisions of the Workmen's Compensation Act relating to abatement as they existed at the time of Lyskawa's injury on September 3, 1971 (see Ill. Rev. Stat. 1971, ch. 48, par. 138.8(e)(19)).

On March 14, 1977, the Commission rendered a decision affirming the arbitrator's award, dismissing the third-party action of Wilson-Raymond, allowing Helen Lyskawa's motion to substitute, and, by necessary implication, rejecting the argument of the White Sox and Home Insurance that the action had abated. On March 30, 1977, Wilson-Raymond filed a petition to recall the decision of the Commission, contending that the Commission had violated an agreement to reserve its ruling on the validity of the arbitrator's award pending presentation of further evidence by Wilson-Raymond. Five days later, on April 4, 1977, and before obtaining a ruling on its petition to recall, Wilson-Raymond filed a petition for writ of *certiorari* in the circuit court of Cook County. On September 28, 1977, the Commission denied Wilson-Raymond's petition to recall.

On August 22, 1978, claimant filed in the circuit court a motion to dismiss for lack of jurisdiction, contending that Wilson-Raymond's filing of its petition for writ of *certiorari* on April 4, 1977, was premature since the Commission had not yet ruled on Wilson-Raymond's petition for recall at that time. The circuit court denied the motion

to dismiss that same day, August 22, 1978. One week later, on August 29, 1978, the circuit court confirmed the Commission's decision affirming the arbitrator's award. This appeal followed. We hold that the Commission erred in declining to rule that Lyskawa's death caused the action to abate. It was therefore improper to allow his widow's motion to substitute.

The law in effect at the time of Lyskawa's injury, September 3, 1971, provided:

> "In a case of specific loss other than by amputation under the provisions of this paragraph the amount of which loss *has been determined* under the provisions of this Act, or in a case of specific loss by amputation under the provisions of this paragraph, and the subsequent death of such injured employee from other causes than such injury leaving a widow or lineal dependents or both surviving before payment in full for such injury, then the balance remaining due for such injury is payable to such dependents, in the proportion which such dependency bears to total dependency." (Emphasis added.) (Ill. Rev. Stat. 1971, ch. 48, par. 138.8(e)(19).)

Cases interpreting the language of the provision hold that a claim for compensation for specific loss abates and that substitution is improper where, as here, the claimant dies from an unrelated cause after an arbitrator enters an award but before the Commission rules on the employer's petition for review. (*Wm. J. Burns International Detective Agency v. Industrial Com.* (1966), 36 Ill. 2d 225, 226-27; *Pullman-Standard Car Manufacturing Co. v. Industrial Com.* (1947), 396 Ill. 386, 387; *Neumann v. Industrial Com.* (1947), 396 Ill. 224, 229-30.) The reasoning of these cases is that no loss "has been determined" within the meaning of the statute unless the Commission itself, rather than an arbitrator, has rendered a decision specifying its finding on the issue of the amount of loss or unless the matter has become finalized in some other way as, for example, by settlement or failure of the employer to seek review of the arbitrator's award by the

Commission.

Helen Lyskawa argues that the applicable law, insofar as the abatement and substitution issues are concerned, is the law as amended in 1972 and 1975 rather than the law in effect at the time of the injury. The 1972 amendment changed the statute in such a way as to allow substitution if the Commission *or* an arbitrator determined the amount of specific loss (Pub. Act 77—1871, 1972 Ill. Laws 148, 163; Ill. Rev. Stat. 1973, ch. 48, par. 138.8(e)(19)), and the 1975 amendment removed any requirement that specific loss be determined before substitution would be allowed (Pub. Act 79—79, 1975 Ill. Laws 224, 257; Ill. Rev. Stat. 1975, ch. 48, par. 138.8(e)(19)). Mrs. Lyskawa contends that these amendments merely effectuate changes in procedure rather than substantive rights and that they may therefore be applied retroactively. We disagree.

As a general rule, workmen's compensation proceedings are governed by the law in effect at the time of the injury. (*Health & Hospitals Governing Com. v. Industrial Com.* (1978), 72 Ill. 2d 263, 271.) In accordance with this principle, the court in *Stanswsky v. Industrial Com.* (1931), 344 Ill. 436, refused to apply the then recent amendments to section 8(e) of the Workmen's Compensation Act, holding that a widow could not be substituted as claimant, if her husband died from unrelated causes, where no such right of substitution existed at the time of his injury. The case is indistinguishable in material respect from the case now before us, and, we believe, it is controlling.

In *Stanswsky,* the injury of the employee was followed by the amendments to the statute, the arbitrator's award, and the employee's death, in that order. Being advised of the claimant's death, the Commission then dismissed the proceedings when the cause was brought before it on review. The statute as it existed at the time of the injury contained no provision for substitution. As amended

after the injury, substitution was proper if the amount of specific loss were "determined" (1929 Ill. Laws 440, 449-50; Ill. Rev. Stat., ch. 48, par. 145(e)(19) (Smith-Hurd 1929)); the word "determined," as mentioned earlier, has been interpreted as meaning "finalized," as by decision of the Commission, and it is substantially the same language as was in effect at the time of the injury involved in the present case.

In holding that the amendment would not be applied retroactively, the court said:

"The liability of the employer to pay compensation for a prior injury and the right of the injured person or his dependents to receive such compensation were not changed or affected by the amendments ***. The liability of the employer and the rights of the workman were fixed at a definite amount under the law existing on January 8, 1929, the date of the injury. At that time the law provided that upon the death of the injured person from other causes than the injury the right to receive further compensation was thereby extinguished. An amendment thereafter made to the act will not operate to deprive either party of substantive rights accrued or in existence prior to its effective date. ***

***

At the time of the accidental injury in this case the law defined the rights of the employee and circumscribed the limits of the employer's responsibility. It is clear that such rights to compensation as existed on the date of the injury in January, 1929, could not be enlarged or diminished by an act of the legislature which became effective in July, 1929. It is true that the award was not made until July 23, 1929, but it was based upon the statute in force at the time of the injury. *The law in effect at the time of the injury*

*governs the rights of the parties and not the law effective at the time the award is made or at the date of death of the injured person."* (Emphasis added.) (*Stanswsky v. Industrial Com.* (1931), 344 Ill. 436, 438-40; see also *Playhouse Theatre v. Industrial Com.* (1931), 346 Ill. 509.) In reaching this conclusion, the court pointed out that, by statute in Illinois, new laws should not be so construed as to affect rights accrued under prior law. (344 Ill. 436, 439; see Ill. Rev. Stat. 1971, ch. 131, par. 4.) We believe that the same considerations are fully applicable here. (See also *General Motors Corp. v. Industrial Com.* (1975), 62 Ill. 2d 106, 111 (Pub. Act 77—1871, the 1972 amendment to section 8(e)(19), was not intended to be retroactively applied).) We note, too, that constitutional problems are presented where, as here, we are asked to apply statutory amendments in such a way as to revive extinguished liabilities. *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 167, citing *Board of Education v. Blodgett* (1895), 155 Ill. 441 (a statute of limitations defense is a vested right protected under the due process clause of the Illinois Constitution from deprivation by legislative action).

Mrs. Lyskawa argues that the *Stanswsky* case is distinguishable in that the statutory amendment there in question created a completely new right of substitution in widows rather than merely effectuating a change in a preexisting right. She cites *Diamond T Motor Car Co. v. Industrial Com.* (1941), 378 Ill. 203, 208, as so interpreting *Stanswsky.* We do not so interpret *Stanswsky,* however, nor do we read the *Diamond T* case as supporting the interpretation suggested. In *Diamond T,* the court agreed to apply a *procedural* amendment retroactively, distinguishing *Stanswsky* and *Playhouse Theatre v. Industrial Com.* (1931), 346 Ill. 509, on the basis that "those cases clearly involved changes in *substantive* law ***." (Emphasis added.) (378 Ill. 203, 208.) There is no indi-

cation in the *Diamond T* case that the court was there concerned with the fact that *Stanswsky* involved a completely new right of substitution. More importantly, there is no such concern evident in the *Stanswsky* opinion itself. The principle to be derived from the *Stanswsky* decision is more broadly based: In the absence of a legislative intent to the contrary, a statutory amendment will not be applied retroactively to the detriment of one's substantive rights. (See also *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 167.) That principle operates here, too, to bar substitution of Helen Lyskawa. Prior to the statutory amendments here in question, respondent could be assured that its liability for the specific loss suffered by Edwin Lyskawa would be extinguished by his death from an unrelated cause. As in *Stanswsky,* that liability may not be revived by virtue of subsequent statutory amendments.

Support for this principle is also found in this court's more recent decision in *Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161. We there refused to give retroactive effect to the amendment to section 6(c) of the Workmen's Compensation Act (Ill. Rev. Stat. 1975, ch. 48, par. 138.6(c)) whereby the time limitation on the filing of claims was extended from one to three years. Rejecting the claimant's argument that the amendment was merely procedural in nature and that it could therefore be applied retroactively, this court held, in line with prior cases, "that a subsequent statutory amendment which extends the time for filing a cause of action or claim will not be applied retroactively to revive a cause of action or claim which had been previously barred." (*Arnold Engineering, Inc. v. Industrial Com.* (1978), 72 Ill. 2d 161, 163.) Holding, as we do here, that a legislative intention to apply a new law retroactively should not be implied, this court said, "Assuming, but not deciding, that the legislature can, in certain cases, constitutionally, revive previously barred statutorily created remedies, such

revival should not result unless the legislature expressly indicates that intention." 72 Ill. 2d 161, 167.

Seeking to avoid an adverse ruling on her substitution efforts, Helen Lyskawa argues that the Commission's decision was delayed beyond the death of Edwin Lyskawa in August of 1975 only because of an alleged delay occasioned by the litigation of Wilson-Raymond's third-party action. Wilson-Raymond, however, had incurred a liability by virtue of the arbitrator's decision, and it therefore had a right to seek reimbursement for amounts paid to meet its obligation. We cannot penalize it for having exercised that right. The Commission erred in dismissing the action for reimbursement. We do note that, under the 1972 and 1975 amendments to section 8(e)(19), the legislature has recognized the potential for inequity mentioned by Mrs. Lyskawa and has acted to correct the situation. As to specific losses occurring after June 26, 1972, substitution is proper if the Commission or an arbitrator has entered an award, and, after July 1, 1975, substitution is proper regardless of whether the Commission or an arbitrator has entered an award.

Helen Lyskawa also argues that the circuit court erred in denying her motion to dismiss Wilson-Raymond's petition for writ of *certiorari,* relying on section 19(f) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.19(f)) and cases decided thereunder (*International Harvester v. Industrial Com.* (1978), 71 Ill. 2d 180; *Zbilski v. Industrial Com.* (1971), 48 Ill. 2d 131). Section 19(f) provides in pertinent part:

"The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided. However, the Arbitrator or the Commission may on his or its own motion, or on the motion of either party, correct any clerical error or errors in computation within 15 days after the date of receipt of any award by such Arbitrator or any decision on review of the Commission and shall have

the power to recall the original award on arbitration or decision on review, and issue in lieu thereof such corrected award or decision. Where such correction is made the time for appeal or review herein specified shall begin to run from the date of the receipt of the corrected award or decision." (Ill. Rev. Stat. 1971, ch. 48, par. 138.19(f).)

Mrs. Lyskawa argues that Wilson-Raymond's filing of its petition for writ of *certiorari* in the circuit court was premature since Wilson-Raymond had not at that time obtained a ruling on the petition to recall that it had filed before the Commission. The circuit court, it is argued, was therefore without jurisdiction to review the Commission's decision.

Wilson-Raymond's petition to recall the Commission's decision requested reconsideration of the merits and the presentation of further evidence, but there is no authorization for the filing of such a petition. Section 19(f) of the Workmen's Compensation Act provides for petitions to recall in the event of clerical or computational error, but no such error is involved here. Because there is no provision for recall other than that provided by section 19(f), Wilson-Raymond's petition to recall was a nullity, and a decision thereon was not a prerequisite to the filing of a petition for writ of *certiorari.* Wilson-Raymond's appeal from the Commission's decision was therefore proper, and the circuit court properly denied Helen Lyskawa's motion to dismiss.

By virtue of our holding and the application of section 8(e)(19) as it read at the time of the injury, none of the named respondents may be held liable for the specific loss suffered by Edwin Lyskawa. Liability for temporary total incapacity and for medical, surgical and hospital expenses remains unaffected, however, and it is therefore necessary to consider the third-party action filed by Wilson-Raymond against the White Sox and Home Insurance insofar as it seeks reimbursement for amounts paid for these. Wilson-Raymond has paid $2,054 for temporary total disability; no finding was made by the

Commission or arbitrator as to the exact amount paid for medical, surgical and hospital expenses.

Section 1(a)(4) of the Workmen's Compensation Act provides in part:

> "Where an employer operating under and subject to the provisions of this Act loans an employee to another such employer and such loaned employee sustains a compensable accidental injury in the employment of such borrowing employer and where such borrowing employer does not provide or pay benefits or payments due such injured employee, such loaning employer is liable to provide or pay all benefits or payments due such employee under this Act and as to such employee the liability of such loaning and borrowing employers is joint and several, provided that such loaning employer is in the absence of agreement to the contrary entitled to receive from such borrowing employer full reimbursement for all sums paid or incurred pursuant to this paragraph together with reasonable attorneys' fees and expenses in any hearings before the Industrial Commission or in any action to secure such reimbursement." (Ill. Rev. Stat. 1971, ch. 48, par. 138.1(a)(4).)

Wilson-Raymond and the White Sox disagree as to the nature of their respective roles, but we believe that a *prima facie* showing has been made of a lending-borrowing employer relationship. In this regard, we note especially that Edwin Lyskawa, though hired and paid by Wilson-Raymond, was directed in his work activities by the White Sox (*Raymond Concrete Pile Co. v. Industrial Com.* (1967), 37 Ill. 2d 512, 516-17); an injury occurred when and where it did only because of his assignment and service to the White Sox. The White Sox, however, were deprived of an opportunity to contest liability by virtue of the Commission's dismissal of the third-party action. The cause therefore must be remanded to the Commission for consideration of the merits of Wilson-Raymond's claim for reimbursement and for determination of the exact amount paid for medical, surgical and hospital expenses.

The White Sox and Home Insurance argue that Wilson-Raymond's third-party action, filed more than one year after the injury, was barred by the one-year limitation period for the filing of claims (Ill. Rev. Stat. 1971, ch. 48, par. 138.6(c)(3)). We disagree, however, as the time for filing is measured from the date that Wilson-Raymond's right to reimbursement arose and not from the date of the injury, as the argument presumes. The White Sox' argument is apparently prompted by our cases involving an employer's subrogation rights. Under section 5(b) of the Workmen's Compensation Act (Ill. Rev. Stat. 1971, ch. 48, par. 138.5(b)), an employer may bring a third-party action against one, other than an employer of the claimant, who caused the claimant's injuries. In that situation, the employer is bound by the same limitations period that would have applied to the claimant in an action against the third party. (*Schlitz Brewing Co. v. Chicago Railways Co.* (1923), 307 Ill. 322.) Subrogation is not involved under section 1(a)(4), however, but rather an independent right of the lending employer to obtain reimbursement. As such, the lending employer is not bound by the same limitations period applicable to the claimant.

This conclusion is also supported by a simple reading of section 1(a)(4), for, under its terms, no right to reimbursement even arises in a lending employer until it pays or incurs a liability to pay compensation. The time in which it may seek reimbursement can therefore only be measured from that time.

In summary, we hold that the death of Edwin Lyskawa caused his claim for specific loss to abate and that it was therefore error for the Commission to allow the substitution of his widow, Helen Lyskawa. The Commission also erred in dismissing Wilson-Raymond's third-party claim for reimbursement from the White Sox, and the cause must therefore be remanded to the Commission for consideration of the merits of the claim and the amount

expended for medical, surgical and hospital expenses. The judgment of the circuit court of Cook County is accordingly reversed, and the award for specific loss is hereby set aside. The cause is remanded to the Industrial Commission for further proceedings in accordance with the views expressed herein.

*Judgment reversed;*
*award set aside;*
*cause remanded.*