(No. 36144.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH JENKINS, Plaintiff in Error.

*Opinion filed March 23, 1962.*

JOSEPH JENKINS, *pro se*, and ROBERT GOLDMAN, of Chicago, appointed by the court, for plaintiff in error.

WILLIAM G. CLARK, Attorney General, of Springfield, and DANIEL P. WARD, State's Attorney, of Chicago, (FRED

G. Leach, Assistant Attorney General, and John T. Gallagher and Dean H. Bilton, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Solfisburg delivered the opinion of the court:

The defendant Joseph Jenkins was indicted in the criminal court of Cook County on a charge of forcible rape. He was tried by the court without a jury, found guilty, and sentenced to a term of 20 years in the penitentiary. He brings this writ of error contending that he was not proved guilty beyond a reasonable doubt.

It is undisputed that the defendant, age 27, had intercourse with the complaining witness, a girl 15 years of age. He admitted the act in a statement made to police when he was apprehended, which was admitted in evidence without objection, and subsequently admitted the act when he was on the witness stand. He does deny that the act was accomplished with force.

The complaining witness testified that she was asleep in her bedroom on the second floor of her mother's house; that the defendant was admitted to the house by her little niece or nephew; that the defendant placed a gun against her head and threatened to "blow her brains out" if she would not submit to him; that the defendant tore her dress and her slip, and forced her to submit while he was holding the gun against her. The defendant had a loaded gun in his possession when he was apprehended by police the day following the incident. He claims, however, that as he was embracing the girl, she felt the gun in his pocket and he withdrew it partially from his pocket simply to show it to the girl. He also claims that he had had intercourse with the girl on three or four previous occasions.

The complaining witness testified, and there is no dispute, that she called the police immediately after the defendant left her home, and then called her mother who was

visiting a relative. It hardly seems credible that if she had consented to the act, and supposedly had consented to the act on previous occasions, she would have made immediate complaint on this occasion.

The defendant contends that the testimony of the complaining witness must be clear and convincing, or else it must be corroborated, and that these necessary elements are lacking. We have carefully read the record, and are of the opinion that the trial court was justified in believing the testimony of the complaining witness. Furthermore, we held in *People* v. *Marose,* 10 Ill.2d 340, in a virtually similar case, that "the question of the weight of the evidence was for the trial judge who heard and saw the witnesses and who was, therefore, in a much better position to determine which witness was worthy of belief than we would be from an examination of the record." The immediate complaint made by the prosecuting witness to police and her mother corroborates her testimony. *People* v. *Davis,* 10 Ill.2d 430.

We are of the opinion that the defendant was proved guilty beyond a reasonable doubt, and the judgment of the criminal court of Cook County is therefore affirmed.

*Judgment affirmed.*