(No. 38730.—

CALIHAN & COMPANY, Appellant, *vs.* THE INDUSTRIAL
COMMISSION *et al.*—(CHARLES LASCELLES, Appellee.)

*Opinion filed January 21, 1965.*

CASSIDY & CASSIDY, of Peoria, (THOMAS V. CASSIDY,
of counsel,) for appellant.

MITCHELL & PERBIX, of Havana, and MATHIS, SLOAN
& LITTLER, of Peoria, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court
of Peoria County affirming an award to employee Charles
Lascelles for benefits and medical expenses for an injury
alleged to have been suffered during the course of his em-
ployment. We have jurisdiction under our Rule 28—1A(e).

The contention that notice was not given within 45 days

from the date of injury is without merit. Section 19.1 of the Workmen's Compensation Act, (Ill. Rev. Stat. 1963, chap. 48, par. 138.19a,) provides that in computing the time within which any act is required to be performed under any provisions of the act the first day shall be excluded and the last day included, except where it falls on a Saturday, Sunday or a legal holiday. Here, the 45th day fell on Saturday. Therefore, that day and Sunday were excluded and the notice given on Monday was within the period provided by statute.

Despite the fact that there were some discrepancies as to exactly how the injury was suffered, there was ample evidence to sustain the findings of the Industrial Commission. We do not substitute our judgment for that of the Commission, and its findings will be sustained unless they are against the manifest weight of the evidence. The findings here are not against the manifest weight.

The employer's final contention is that it is not liable for the employee's medical expense because he made no request for medical assistance and it had no knowledge that such services were necessary. There is evidence in the record that the employer knew of the accident and that the employee was in the hospital prior to the time formal notice was given. There is also evidence that when the employee gave notice of the accident to the employer he also made inquiry concerning medical assistance. That same day the officer manager wrote to him that the insurance company would not authorize treatment by a chiropractor and probably would not pay for treatment already received. The Industrial Commission was justified in finding that the employee had not "elected" to secure medical services at his own expense.

The judgment of the circuit court of Peoria County is affirmed.

*Judgment affirmed.*