(No. 39367.—

ROSE KOGUT, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(JOHN KOGUT *et al.,* Appellees.)

*Opinion filed January 25, 1966.*

JACK L. SACHS and MORRIS S. TELECHANSKY, both of Chicago, for appellant.

JAMES F. GORMAN, SIDNEY Z. KARASIK, and GEORGE W. ANGERSTEIN, all of Chicago, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Rose Kogut, who had been employed for 25 years as a bookkeeper for the beer distributing business operated and owned by her husband, John Kogut, and his partner, Howard Sugrue, doing business as Kogut Brothers, filed an application under the Workmen's Compensation Act and a separate application under the Workmen's Occupational Diseases Act for compensation. Ill. Rev. Stat. 1963, chap. 48, par. 172.36 *et. seq.*

The application under the Workmen's Compensation Act was for an alleged injury occurring January 18, 1960. The application under the Occupational Diseases Act claimed compensation for an alleged occupational disease alleging carbon monoxide poisoning with severe anemia and cardiac disability with approximate date of disablement as of January 18, 1960.

Both claims were heard together by the arbitrator. The arbitrator entered a decision on the compensation claim that the right to recovery was under the Occupational Diseases Act. On the same date, the arbitrator on the Occupational Diseases Act claim held that petitioner was entitled to recover for a disablement resulting from occupational disease and awarded her total and permanent disability of 72 weeks, finding her annual earnings to be $2,080, with average weekly wage of $40. Credit was given the employer for payments of $2880 and the employer was found liable for medical of $2,177.40.

The employee appealed from the workmen's compensation decision and the employer from the occupational disease decision. The only additional evidence on the appeals was that of Dr. Kondratowicz, who had examined the employee 2 years and 9 months after her collapse at work. The Industrial Commission confirmed the arbitrator's decision denying compensation based upon the alleged accidental injury. The occupational disease award was reversed,

the Commission finding "that Petitioner did not sustain an occupational disease as a result of her employment." The circuit court of Cook County affirmed the decisions of the Industrial Commission.

The employee, Rose Kogut, appeals, contending that an injury and disability occurred to her in the course of her employment resulting from carbon monoxide gas from automobiles and that there was ample evidence to support the arbitrator's award, which evidence formed a proper basis for the court to make an award since the decision of the Industrial Commission was against the manifest weight of the evidence.

For some time prior to January 18, 1960, while working in the combination warehouse, garage and office which was a structure 100' x 65', heated by oil heat, the claimant would become nauseated, get a blotchy skin and a hacking cough and become weak. In the cold months of the year, the trucks of the employer would be started up in the building. By opening the door and getting fresh air, the conditions would be alleviated.

On January 18, 1960, the employer came into the office at about 3:30 P.M. and found his wife collapsed over her desk. She was rushed to Dr. Lally in Blue Island, Illinois, and was then hospitalized. The doctor reported as his final diagnosis that she had anemia due to carbon monoxide poisoning, hiatus hernia, cardiac enlargement and ischemia. She was given transfusions and medicines to build up her red blood count and hemoglobin. She was hospitalized again January 6, 1962, when similar conditions, but more severe, were found. The doctor gave his opinion that the exhaust motor fumes or carbon monoxide would aggravate the hiatus hernia and ulcer and the inhalation would bring the blood down below par.

The employer reported the incident of January 18, 1960, to the American Casualty Co. which insured the employer for workmen's compensation and occupational disease. The

insurance company sent out two engineers who reported they found excess carbon monoxide and recommended obtaining fans for ventilation.

On the appeal to the Industrial Commission, Dr. Kondratowicz testified he examined the claimant on September 27, 1963, and found an anemia which in his opinion was an iron deficiency. He stated that the findings and symptoms of carbon monoxide poisoning and iron deficiency anemia are very similar; that iron deficiency anemia means lack of oxygen carrying hemoglobin and that is what carbon monoxide does. He did not take an electrocardiogram and therefore he did not know whether she had an ischemia of the heart. He stated that he found no symptoms or sign manifestations that he could attribute to carbon monoxide poisoning.

This court has held repeatedly that it will not substitute its judgment for that of the Industrial Commission unless the latter's findings are against the manifest weight of the evidence. *Republic Steel Corp.* v. *Industrial Com.* 26 Ill.2d 32; *Calihan & Co.* v. *Industrial Com.* 32 Ill.2d 132; *Beck* v. *Industrial Com.* 32 Ill.2d 148; *Nollau Nurseries, Inc.* v. *Industrial Com.* 32 Ill.2d 190, and *Lindsay-Schaub Newspapers, Inc.* v. *Industrial Com.* 32 Ill.2d 356.

Further, it is the established rule that on a review hearing the Industrial Commission, regardless of whether additional evidence is introduced, exercises original jurisdiction and is not bound by the findings of the arbitrator. *Rodriguez* v. *Industrial Com.*, 371 Ill. 590; *Garbowicz* v. *Industrial Com.*, 373 Ill. 268; *Neumann* v. *Industrial Com.*, 396 Ill. 224.

The record in this case amply supports the decision of the Industrial Commission in denying the award and we cannot say it is against the manifest weight of the evidence. Based upon the medical evidence and the reasonable inferences and conclusions deducible therefrom, the findings of the Commission are well within the permissible limits of the

well-established rules. The determination of where the preponderance lies between conflicting medical evidence is preeminently a function of the Commission. We perceive no reversible error.

In our view of the case the determination of the additional point raised by appellee, that a wife cannot as an employee of her husband maintain an action against him for compensation under the Workmen's Compensation Act or the Workmen's Occupational Diseases Act, is not necessary.

Finding no reversible error in the decision of the Industrial Commission or the judgment of the circuit court affirming that decision, the judgment will be affirmed.

*Judgment affirmed.*