**People of the State of Illinois, Plaintiff-Appellee,
v. James Lawrence, Defendant-Appellant.**

**Gen. No. 50,658.**

First District, Second Division.

May 17, 1966.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Frederick F. Cohn and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Joel M. Flaum, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE LYONS delivered the opinion of the court.

This is an appeal from a finding and judgment of conviction for the crime of Armed Robbery after a bench trial, with sentence in the Illinois State Penitentiary for a period of (1) one to (3) three years.

Defendant, James Lawrence, was indicted for the armed robbery of one Herman Beane, a cabdriver, and brought to trial. Evidence produced from the testimony of the State's witness, the victim of the crime, was to the effect that on July 25, 1964, at approximately 2:30 a. m. he was robbed of a certain amount of cash by defendant, who was armed with a sawed-off shotgun. Mr. Beane testified that he stopped at 312 West 61st Street in response to a call and saw a man, approximately 15 to 20 feet away. The witness described the street lighting as good. A police officer, who visited the scene of the crime at a later date, testified however, that although there were street lights he would characterize the area as poorly lighted.

Mr. Beane's testimony further indicated that defendant came up to the door of the cab and proceeded to rob him after holding the shotgun on him, that defendant was facing him, that the dome light of the cab was on, that subsequently another man approached the cab, that he was required to remove himself from the auto and subject himself to a search, and that he was instructed to return to the cab and leave. Mr. Beane identified both defendant and the weapon, a sawed-off shotgun, in court. The witness had previously pointed out defendant as one of his assailants at a lineup conducted by the police approximately a month after the crime occurred.

The arresting officer, Stanley Robinson, was called by the State and related the incidents surrounding the arrest of defendant, the seizure of the weapon used in the commission of the robbery of Mr. Beane, and the identification of defendant by Mr. Beane.

3

Defendant, James Lawrence, testified in his own behalf and denied that he committed the robbery in question and stated that he was at home, asleep, during the time period when the crime took place. He also denied that he owned any gun, or had ever seen the sawed-off shotgun which had previously been introduced into evidence. He did state, however, that an acquaintance of his had thrown three guns into his automobile on the evening of the arrest.

The mother of defendant, Mrs. Catherine Lawrence, also testified for the defense. She stated that her son was home on the evening in question and to her knowledge did not leave the house until the next morning at around five or six o'clock. On cross-examination, Mrs. Lawrence stated that she believed she was asleep between the hours of 1:30 a. m. and 5:30 a. m. and did not recall if she had ever arisen during that time period.

After final arguments, the trial court reached a finding of guilty and on the finding sentenced defendant.

It is defendant's theory of the case that the identification of defendant, by the complainant, as the perpetrator of the crime was not proven beyond a reasonable doubt in that the trial court overlooked certain factors. It is defendant's position that in order to affirm the conviction, we must determine (1) that the complainant was not attempting to manipulate his testimony into that mold which he believed would support a conviction, (2) that the conditions of the occurrence were such as to give the complainant an opportunity to make a good identification, (3) that the description was sufficiently specific in detail, (4) that the complainant was not primed by the police prior to making his identification, and (5) that the identification was corroborated by other facts. See People v. Brinkley, 33 Ill2d 403, 211 NE2d 730 (1965).

Defendant first contends that complainant, by identifying defendant, was attempting to mold his testimony so

4

it would support a conviction. Defendant points out that Police Officer Robinson refuted complainant's claim that the street lighting was good by testifying that it was a poorly lighted street. We do not deem this alleged inconsistency significant.

■ Defendant next contends that the conditions under which the identification was made were poor. Defendant points out that complainant could not have seen his assailant for more than one minute and that he was unable to give the police a description of his assailant's facial features. Defendant also points out that complainant had failing eyesight and had to wear bifocal glasses. We agree with the State that positive identification does not require in depth reflection. The closeness and direct facing of the parties involved in this encounter afforded more than sufficient opportunity for identification.

■ Defendant next contends that complainant's description of his assailant was not specific. Defendant points out that the descriptions given to the police that the assailants were male Negroes, about 5'11", weighing about 160 pounds, on the thin side, one being of dark complexion and the other of light complexion, were too general and that these descriptions could fit thousands of other Negroes. We agree with the State that the description given was appropriate considering the circumstances. The possibility that it might apply to persons other than defendant does not destroy its worth.

■ Defendant next contends that complainant was primed by the police prior to the identification. Defendant points out that complainant was ordered to come down to the police station on numerous occasions and subconsciously wanted to identify someone so he would not have to spend his spare time at the police station. We agree with the concession made by defendant that he

5

has indulged in speculation. Such speculation must be rejected by us.

▆ Finally defendant contends that the identification was not corroborated by the other facts and circumstances. Defendant points out that complainant identified a shotgun as the shotgun used by the assailant, that the shotgun belonged to a different youth, and that the arresting officers admitted that they never saw defendant possessing said shotgun. It is defendant's position that complainant only saw the barrel of the sawed-off shotgun and this description would fit thousands of shotguns. Thus, defendant concludes that the identification of the shotgun was based on speculation and did not corroborate complainant's identification of the assailant. We agree with the State that the identification of the gun had some corroborative effect even though it might also have described other similar weapons.

▆ Defendant refers to the case of People v. Reese, 34 Ill2d 77, 213 NE2d 527 (1966), as authority that the Appellate Court has an affirmative duty to evaluate the totality of the circumstances to determine if a reasonable doubt exists as to defendant's guilt. We agree with this decision but do not agree that it has application to this case on the facts.

▆ As the courts of Illinois have reiterated on numerous occasions, a trial court as the trier of fact is peculiarly suited to determine questions of truthfulness and a reviewing court will not readily substitute its own conclusion, unless the proof is so unsatisfactory as to justify a reasonable doubt of guilt. People v. Boney, 28 Ill2d 505, 510, 192 NE2d 920 (1963); People v. Jenkins, 24 Ill2d 208, 181 NE2d 79 (1962).

In the instant case, defendant points out that the State failed to comment on the fact that complainant had poor eyesight, due to old age, and therefore had to wear bifocal glasses and that complainant was totally unable to describe what the other assailant looked like. Defend-

6

ant alleges that the failure of the State to comment on these factors leads to the conclusion that the State could find no argument to meet defendant's position that these factors substantially weaken complainant's identification of defendant. There was no testimony offered by defendant that complainant was incapable of making a proper identification due to his poor eyesight. In response to defendant's allegation that complainant was totally unable to remember what the other assailant looked like, we find evidence that an identification was made as to both assailants by complainant.

For the above reasons the judgment is affirmed.

Judgment affirmed.

BRYANT, P. J. and BURKE, J., concur.