(No. 24333

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*— (JEROME P. TALBOT, Defendant in Error.)

*Opinion filed April 15, 1938—Rehearing denied June 8, 1938.*

RICHARD S. FOLSOM, (HARRY L. YALE, of counsel,) for plaintiff in error.

EDWARD R. FINNEGAN, (J. J. BUCKLEY, of counsel,) for defendant in error.

Mr. JUSTICE SHAW delivered the opinion of the court:

Jerome P. Talbot, a glazier employed by the board of education of Chicago, was injured on December 18, 1934, by falling from a step-ladder in a public school building while attempting to raise a window. He sustained a laceration on top of skull, concussion of brain, skull fracture,

sprain of back and lacerations of ankle. No claim for compensation was filed. The Industrial Commission, however, on July 15, 1935, approved a settlement contract between the board of education and Talbot, based upon an estimated total temporary disability for twenty-one and six-sevenths weeks at $15 per week, amounting to $327.85, and $145.15 for medical and hospital expenses, making a total of $473. Talbot never returned to work for the board of education after his injury. In consideration of the payment of the amount mentioned by the board of education Talbot agreed to waive any and all provisions of the Workmen's Compensation act, including the right of arbitration and to settle and adjust the claim and all differences arising out of and in the cause under the terms of the Workmen's Compensation act. It was agreed that further liability would be discharged upon the filing of proper receipts. Talbot was not represented by counsel at the time of signing the agreement, but it was presented to the commission for approval. One of the questions in the statement of particulars in the settlement contract, which was prepared on a printed form of the Industrial Commission, was "(9) Amount injured person is earning, or is able to earn in some suitable employment after the accident." The answer was "Same." A petition for lump sum settlement, also prepared on a printed form of the Industrial Commission, signed by Talbot and the board of education by its attorney, accompanied the settlement contract. It was marked by one of the Industrial Commissioners with the notation, "Unnecessary—all accrued." There was no other order entered upon that petition.

Talbot, on March 12, 1936, filed a petition for a review of the settlement contract. The petition recited the fact of the agreement executed on July 15, 1935, but represented that the disability resulting from the injury sustained on December 18, 1934, recurred and increased after the date of the settlement, and the petitioner requested that the peti-

tion be set down for hearing. The attorney for the board of education served notice of a motion to dismiss the petition, alleging that the provisions of the Workmen's Compensation act had been waived by the settlement contract. The motion was denied, and, on evidence heard, the Industrial Commission found that the disability had recurred subsequent to the date of the settlement contract, and, as a result, Talbot was rendered wholly and permanently incapable of work. The commission ordered the board of education to pay the petitioner $15 per week commencing August 15, 1935, to continue for 266 weeks, $10 to be paid for one week and, thereafter, a pension of $320, paid annually in monthly installments, during Talbot's life. The superior court of Cook county confirmed the decision of the Industrial Commission. A petition for a writ of error was allowed by this court.

The plaintiff in error contends that since Talbot entered into a settlement contract which was filed with and approved by the Industrial Commission and which waived the right of review, he is precluded from any further action. Section 19 (h) of the Workmen's Compensation act (Ill. Rev. Stat. 1937, chap. 48, par. 156 (h)) provides, in part: "When compensation which is payable in accordance with an award or settlement contract approved by the Industrial Commission, is ordered paid in a lump sum by the commission, no review shall be had as in this paragraph mentioned." Section 23, (Ill. Rev. Stat. 1937, chap. 48, par. 160,) provides: "No employee, personal representative, or beneficiary shall have power to waive any of the provisions of this act in regard to the amount of compensation which may be payable to such employee, personal representative or beneficiary hereunder except after approval by the Industrial Board." The record shows that no action was taken by the commission on the petition for a lump sum settlement because the compensation had all accrued. The wording of the statute is plain. Talbot's petition was filed within the eighteen

months provided by the statute and he was, therefore, entitled to further review as to an increase or recurrence of his disability.

The evidence shows that Talbot, after the injury, entered the tavern business and, according to his testimony, he found himself unable to carry on the physical labor and hired an assistant for that work. He then devoted his time to managing the business. There is also evidence in the record that he suffers from nervousness, insomnia and restlessness; that he is disturbed by loud noises and has a fear of high places. The medical testimony tends to show that he has an abnormal pulse rate, hypersensitive reflexes, low blood pressure, a pronounced tremor of the hands and that there is a causal relation between the accident and his present physical condition. Evidence of these objective symptoms was before the commission and on the whole record is sufficient to sustain its findings. This court will not disturb the findings of the Industrial Commission on questions of fact unless they are manifestly against the weight of the evidence. (*Donk Bros. Coal & Coke Co.* v. *Industrial Com.* 325 Ill. 193; *Inland Rubber Co.* v. *Industrial Com.* 309 id. 43.) There is some conflict in the medical evidence as to the permanency of Talbot's disability. However, if at any time in the future his condition should improve, the employer has his remedy under the act to then appear and have the award modified or set aside. *Postal Telegraph Cable Co.* v. *Industrial Com.* 345 Ill. 349.

The award made by the Industrial Commission is sustained by the evidence, and the superior court did not err in confirming the findings of the Industrial Commission.

*Judgment affirmed.*