(No. 25865.-

B. MICHELSON, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(MACK WEINSTEIN, Defendant in Error.)

*Opinion filed February 14, 1941.*

ANGERSTEIN & ANGERSTEIN, (CHARLES WOLFF, and MARION J. HANNIGAN, of counsel,) for plaintiff in error.

DAVID F. SILVERZWEIG, for defendant in error.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause is here on petition for writ of error granted to review the judgment of the circuit court of Cook county affirming an order of the Industrial Commission which set aside, on the ground of fraud, its former order approving a lump sum settlement. Two questions are presented on the record: (1) Whether the commission had jurisdiction to set aside its order, and, (2) if it had such jurisdiction, whether its order so doing is sustained by the evidence.

The facts of the injury are not disputed, and are that on January 10, 1939, defendant in error, a salesman for plaintiff in error, on entering an elevator at his employer's place of business, was struck by a descending steel elevator gate, causing a scalp wound. He was taken to the office where a doctor was called who stitched up the wound.

Later an X-ray picture was taken and the head wound was redressed. The next day he was taken to a hospital where he remained a few days, leaving the same at his own request and going back to work. At the suggestion of the manager of the plaintiff in error's store, defendant in error went to another doctor who directed him to go to a hospital. This he declined to do, though he later agreed to do so and went to the hospital and remained about ten days, when he asked to go back to work and was permitted to do so. After working about three hours he was taken ill and went back to the hospital and was there for another period of a week or ten days.

On February 9, following, plaintiff in error, through its insurance carrier, entered into a settlement agreement with defendant in error, by which the latter agreed to accept the sum of $200 in full settlement of all compensation demands and of his rights under the Workmen's Compensation act. On the same day he appeared before the members of the Industrial Commission with a representative of plaintiff in error and presented a petition that the sum of $200 agreed upon in the settlement be paid in lump sum to him. Hearing was had before one of the commissioners and the lump sum settlement was approved on the same day. On February 16, the formal order of approval was filed. On February 15, defendant in error filed with the commission a petition praying that the settlement agreement and approval be vacated and set aside on the ground of fraud. Hearing was had on the petition at different times thereafter, and on November 15, 1939, the commission entered the order complained of here, setting aside its previous order approving the lump sum settlement. Its order was affirmed by the circuit court.

Defendant in error here insists that the order vacating the lump sum settlement approval by the commission was not a final and appealable order and so not subject to re-

view on *certiorari* or writ of error. He says also that plaintiff in error had waived questions of jurisdiction by failing to urge them below, and that the order of the commission is not contrary to the weight of the evidence.

Since the order setting aside the approval of the lump sum settlement disposed of the rights of the parties under it, that order was final, and defendant in error's first contention cannot be sustained. The next question presented is whether the Industrial Commission had power or jurisdiction to set aside its approval of the lump sum settlement. If such power exists it must be found in the Workmen's Compensation act. Its existence here is claimed by defendant in error on the ground of fraud in the procurement of its approval. Plaintiff in error argues that to hold that the commission has power to set aside its order because of fraud, is to open the door to overturning any of its decisions on that ground at any time, and that such power is not given by the act.

The Workmen's Compensation act, by section 19(h), provides that an agreement or award under the act may, at any time within eighteen months after its entry or approval by the commission, be reviewed on petition alleging that the disability of the employee has recurred, increased, diminished or ended. This section also provides: "Provided, further, that when compensation which is payable in accordance with an award or settlement contract approved by the Industrial Commission is ordered paid in a lump sum by the commission, no review shall be had as in this paragraph mentioned." (Ill. Rev. Stat. 1939, chap. 48, par. 156.) The clear intent of that section is that once a lump sum settlement is approved by the commission, it is not subject to review for recurrence, increase or for diminishing or ending of the disability. It is equally clear, that the language quoted does not show legislative intent that jurisdiction, after the entry of such approval, should

remain in the commission, and unless it is provided by other parts of the act, it does not exist.

Paragraph (f) of section 19 of the Workmen's Compensation act provides, in part, as follows: "The decision of the Industrial Commission acting within its powers, according to the provisions of paragraph (e) of this section shall, in the absence of fraud, be conclusive unless reviewed as in this paragraph hereinafter provided:" Defendant in error contends that this language gave power and jurisdiction to the Industrial Commission to set aside its approval of the lump sum settlement in case of fraud, as claimed in this case. It is not claimed that the statute gives express authority to so act, or that jurisdiction is expressly conferred, but the argument is that jurisdiction is, by inference and implication, given to the commission to set aside its orders on the ground of fraud. Counsel say that while it may be conceded that one may go into a court of equity on a ground of fraud and set aside any fraudulently procured order of the commission, defendant in error should not be required so to do, for the reason that the intent of the statute is to confer jurisdiction on the commission to consider all questions arising in compensation cases as by the act provided. While the act fixes the time within which a review of an award by the commission or a denial thereof, by it, may be had by *certiorari,* as it does for review of an award on recurrence, or increase, diminishing or ending of disability, there is nothing in the act fixing a period of limitation within which an application to it, on any ground whatever, to set aside its order approving a lump sum settlement, may be filed, if it may be, and there is no provision for notice of or hearing on such petition, or method of procedure.

As pointed out by this court in *Trigg* v. *Industrial Com.* 364 Ill. 581: "The commission is an administrative body created by legislative enactment for the purpose of administering the Workmen's Compensation act. It is not

a court and has no inherent powers of a court. It is a non-judicial body. It can only make such orders as are within the powers granted to it by the General Assembly. There are no intendments in favor of its jurisdiction. To permit a general reservation of a cause after an order determining those who constitute the dependents of the deceased at the time of his death, fixing the award and directing payment to a named dependent for her sole support, would be judicial legislation by judgment. There would be no place in the course of the litigation where and when it could be definitely known that it had ended. (*United Fruit Co.* v. *Pillsbury*, 55 Fed. (2d) 369.) There is marked difference in reserving for future decision a matter which has not been determined but remains open for future adjudication, and a general order purporting to reserve jurisdiction over a cause when an order has been entered covering and adjudicating all matters in issue. In the first instance the undetermined matters may be adjudicated at a later time, in the second instance there is no power to relitigate or review the matters already decided by that order nor later to vacate or modify such order."

Counsel for defendant in error cites cases from other jurisdictions which are either not analogous on the facts or are supported by statutory provisions specifically conferring jurisdiction on the commission in a case of this kind. In *Walker* v. *Kansas Gasoline Co.* 130 Kan. 576, 287 Pac. 235, so cited, the commission set aside a release and receipt on the ground of fraud. It was held that under the Workmen's Compensation act of that State the Public Service Commission is empowered to set aside the award as in that case involved, for good cause shown. The application for setting aside the award was within the time provided by that statute for continuing jurisdiction in the commission. *Himyer Coal Corp.* v. *Miller*, 251 Ky. 768, 65 S. W. (2d) 1014, cited by defendant in error, does not pass upon the question of jurisdiction of the commission

to reopen and set aside a lump sum settlement. In *St. Louis Pressed Steel Co.* v. *Schorr*, 303 Ill. 476, this court held that all review for correction of errors is to be found in section 19 of the Workmen's Compensation act and review may not be had in any other way.

A settlement as to the amount of compensation, whether through compromise, in which the employer insists no liability exists, or in cases of admitted liability, when approved by the commission, becomes fixed as compensation, and the jurisdiction of the commission is continuous throughout the period of eighteen months, the same as though the commission had entered an award. *Hartford Accident Co.* v. *Industrial Com.* 320 Ill. 544; *Tribune Co.* v. *Industrial Com.* 290 id. 402; *Chicago Railways Co.* v. *Industrial Board,* 276 id. 112.

The provisions of paragraphs (b) and (h) of section 19 do not afford a basis for the claim of jurisdiction in the commission to set aside its approval of a lump sum settlement on the ground of fraud, since those provisions have to do with the review of an award either recommended by the arbitrator, and as to which a review is not sought within the statutory period, or one made by the commission. As to those, the time and method for review are fixed in the act.

In *Board of Education* v. *Industrial Com.* 368 Ill. 564, a compensation agreement waiving right of review was approved by the commission. The settlement agreement was accompanied by a petition for lump sum settlement. The commission approved the settlement agreement but took no action on the petition for lump sum settlement, and it was held that no employee's personal representative or beneficiary has power to waive any provisions of the act regarding the amount of compensation payable except on approval of the commission, and since the Industrial Commission had taken no action on the lump sum settlement, it had jurisdiction of a petition filed within eighteen months

to review the settlement of compensation on account of the recurrence of disability.

This is a case of a lump sum settlement which was acted on by the commission and approved by it, and under the quoted clause of paragraph (h) of section 19, where a lump sum settlement has been approved, the same is not open to such review.

Defendant in error's counsel argue, however, that this provision of the statute is subject to the language of paragraph (f) of section 19, "in the absence of fraud," and that since, in this case, the petition to vacate the approval of the lump sum settlement was filed within a few days after the order of approval was announced, the commission had jurisdiction to set it aside. It is argued that the parties were, by that action, left just as they were before the petition for lump sum settlement was filed, as no attempt was made to enter an award, and that such action would be taken on a separate petition thereafter filed for adjustment of compensation.

While counsel earnestly argue that it was the intention of the General Assembly to grant authority to the commission to set aside its orders on the ground of fraud, no such intention appears from the language of the act, and as desirable as such legislation may be, this court cannot legislate by judicial pronouncement. We are of the opinion that, in the absence of express authority given the commission, it is without jurisdiction to set aside this order approving a lump sum settlement, on the ground of fraud, and that, in the present condition of the act, defendant in error is relegated to a court of equity for relief under a charge of fraud.

Defendant in error argues that by failure to urge the question below, plaintiff in error has waived the matter of jurisdiction by appearance. Jurisdiction over the subject matter may not be conferred by the appearance of parties, or by their specific act attempting so to do, and lack of

such jurisdiction may be raised at any time. *Town of Kingston* v. *Anderson,* 300 Ill. 577; *Town of Audubon* v. *Hand,* 223 id. 367; *Highway Comrs.* v. *Smith,* 217 id. 250.

As the Industrial Commission had no jurisdiction to review its order approving a lump sum settlement, the judgment of the circuit court of Cook county is reversed and the cause remanded, with directions to remand the cause to the Industrial Commission with directions to vacate its order setting aside the approval of the lump sum settlement.

*Reversed and remanded, with directions.*