RAVON DAUGHERTY, Petitioner-Appellant, v. NATIONAL UNION ELECTRIC CORPORATION *et al.*, Respondents-Appellees.

Fourth District   No. 4—86—0858

Opinion filed September 17, 1987.—Rehearing denied October 21, 1987.

James Walker, Ltd., of Bloomington, for appellant.

Law Offices of Strodel, Kingery & Durree, Associated, of Peoria (James R. Carter, of counsel), for appellee National Union Electric Corporation.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

Plaintiff appeals from the dismissal, with prejudice, of count II of his fourth-amended complaint. That order became appealable upon the subsequent dismissal of count I of the complaint for want of prosecution.

Count II of the fourth-amended complaint alleged that during an Industrial Commission (Commission) proceeding defendant, National Union Electric Corporation (National Union), fraudulently understated the wages paid by defendant to plaintiff, which resulted in an award for injuries to plaintiff substantially below the amount to which he would otherwise have been entitled. No claim of fraud was alleged against either the Industrial Commission or the Treasurer of Illinois. In his prayer for relief, plaintiff requested that the trial court vacate the decision of the Industrial Commission and remand to the Commission for a new hearing. We note, parenthetically, count I of the complaint was substantively identical to count II in its factual allegations, except that count I was brought solely against National Union and requested both compensatory and punitive damages.

On appeal, plaintiff maintains that since the trial court concluded count I stated a cause of action sounding in fraud, count II must necessarily state the same cause of action because the factual allegations contained in both counts are identical. Accordingly, plaintiff reasons the only basis upon which the trial court could have dismissed count II was its belief that it did not have authority to grant the relief requested.

Section 19(f) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1985, ch. 48, par. 138.19(f)) provides, in part:

"The decision of the Commission acting within its powers, according to the provisions of paragraph (e) of this Section shall, *in the absence of fraud,* be conclusive unless reviewed as in this

paragraph hereinafter provided." (Emphasis added.)
Prior to filing the present lawsuit, review of the original decision of the Commission was not prosecuted in timely fashion and a circuit court judgment, entered without jurisdiction, was vacated by our supreme court in *Daugherty v. Industrial Com.* (1983), 99 Ill. 2d 1, 457 N.E.2d 381. In light of the failed compensation review National Union argues the relief sought here is barred by the exclusivity provisions of the compensation act or by the doctrines of *res judicata* and collateral estoppel, which prevent the trial court from vacating the Commission order and remanding for further proceedings.

■ The statute plainly indicates fraud is a basis upon which a Commission decision may be reexamined and the supreme court has long held that a party may maintain a complaint in equity to procure relief from a judgment of the Commission based on fraud. *Michelson v. Industrial Com.* (1941), 375 Ill. 462, 31 N.E.2d 940; see also *Gillmore v. Ideal Industries, Inc.* (1979), 74 Ill. App. 3d 143, 392 N.E.2d 933.

■ Count II of the instant complaint alleges that a decision of the Commission was obtained by National Union's fraud in understating wages paid by National Union to plaintiff. The Commission and the State treasurer were proper parties to this proceeding because it was the Commission's decision which plaintiff sought to set aside and the treasurer had custody of certain "second injury" funds to which plaintiff made claim. The complaint also states the request for relief is based, in part, "upon the power of a court to remedy a fraud upon a tribunal." Were a circuit court not empowered, in equity, to set aside a fraudulently obtained judgment rendered by the Commission, that portion of section 19(f) of the Act which permits such relief would be rendered meaningless and insulate a defendant from liability for fraudulent conduct.

■ Defendant also maintains the complaint is deficient in other respects. Although inartfully pleaded because plaintiff maintains he is also entitled to relief in count II under section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—1401), count II does not wholly fail to state a cause of action, and any infirmity in the pleading cannot be raised for the first time on review nor argued in support of the dismissal of the complaint because it was not designated in the original motion to dismiss the complaint. (*Berry v. G. D. Searle & Co.* (1974), 56 Ill. 2d 548, 309 N.E.2d 550; *Dubin v. Michael Reese Hospital & Medical Center* (1979), 74 Ill. App. 3d 932, 393 N.E.2d 588, *rev'd on other grounds* (1980), 83 Ill. 2d 277, 415 N.E.2d 350.) Here, defendant's motion to dismiss did not complain of any in-

750

firmity in the pleading. Rather, defendant maintained the action was barred as a matter of law by *res judicata*, collateral estoppel, or the exclusivity provisions of the Act.

Accordingly, the judgment of the circuit court dismissing the complaint is reversed as to all defendants and remanded for further proceedings.

Reversed and remanded.

GREEN and LUND, JJ., concur.