SMALLEY STEEL RING COMPANY, Appellant, v. ILLINOIS WORKERS' COMPENSATION COMMISSION et al. (Harry Diaz, Appellee).

Second District (Illinois Workers' Compensation Commission Division)

No. 2—07—1050WC

Opinion filed December 12, 2008.—Rehearing denied January 23, 2009.

Emily E. Brog, of Wiedner & McAuliffe, Ltd., of Chicago, for appellant.

Edward Adam Czapla, of Paul W. Grauer & Associates, of Schaumburg, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

On August 31, 2004, claimant, Harry Diaz, filed an application for adjustment of claim pursuant to the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2002)), seeking benefits from employer, Smalley Steel Ring Company. Following a hearing, the arbitrator determined claimant sustained injuries arising out of and in the course of his employment on July 9, 2004, and awarded him (1) 14 weeks' temporary total disability (TTD) benefits and (2) $21,543.52 for medical expenses. Later, on employer's motion, the arbitrator recalled his decision and reopened proofs. Following a second hearing, he reissued his decision and found claimant was not entitled to compensation under the Act.

The Workers' Compensation Commission (Commission) concluded the arbitrator erred by reopening proofs and issuing a second decision. It declared that the arbitrator's second decision was null and void and that his first decision was the final decision of the Commission. The circuit court of Lake County confirmed the Commission's decision. Employer appeals, arguing the Commission erred by finding the arbitrator did not have the statutory authority to recall his first decision, reopen proofs, and issue a second decision.

The parties are familiar with the evidence and we discuss it only to the extent necessary to put their arguments in context. On August 31, 2004, claimant filed his application for adjustment of claim, stating his name was Harry Diaz and alleging he injured his left upper extremity while pulling a rack at work. On January 31, 2005, an arbitration hearing was conducted in the matter. Employer requested a 30-day continuance, in part to obtain verification of claimant's identity. Employer asserted claimant provided a social security number that belonged to a person who died in New York on September 1, 2003. Claimant objected and the arbitrator denied employer's motion. The matter proceeded with an arbitration hearing.

On April 7, 2005, the arbitrator issued his decision, finding claimant proved he sustained accidental injuries arising out of and in the course of his employment. He awarded claimant 14 weeks' TTD benefits and medical expenses, totaling $21,543.52. Neither party sought review with the Commission; however, on May 10, 2005, employer filed an emergency motion to recall the arbitrator's decision and reopen proofs. Employer alleged it discovered new evidence from one of claimant's coworkers that claimant's true identity was Alejandro Atilano and that he previously worked for Westech Automation System (Westech). Employer further alleged that on August 8, 2002, while working at Westech, claimant allegedly suffered a work-related injury to his left shoulder and underwent left-shoulder surgery. It

stated claimant sought benefits under the Act for his injury and his claim was settled for 25% loss of use of his left arm.

On May 13, 2005, the arbitrator conducted a hearing on employer's motion. Despite receiving notice of the hearing, neither claimant nor his attorney appeared. At the conclusion of the hearing, the arbitrator granted employer's motion; recalled his April 7, 2005, decision; and reopened proofs.

On August 23, 2005, the arbitrator conducted a hearing and heard additional evidence in the matter. Again, notice was provided to claimant but neither claimant nor his attorney appeared at the hearing. On November 15, 2005, the arbitrator issued his second decision. He determined the additional evidence presented at the August 23, 2005, arbitration hearing showed claimant lied and gave false testimony at the initial arbitration hearing. The arbitrator also noted that medical records following claimant's July 2004 injury showed he lied to his treating physicians. He stated claimant was completely lacking in credibility and failed to prove he sustained accidental injuries that arose out of and in the course of his employment with employer. The arbitrator denied claimant's claim for compensation under the Act.

Claimant sought review of the arbitrator's decision with the Commission. On October 30, 2006, the Commission issued its decision. It found the arbitrator lacked jurisdiction to recall his first decision, reopen proofs, and reissue his decision. The Commission stated the arbitrator's first decision was the Commission's final decision and his second decision was null and void. The circuit court confirmed the Commission's decision.

This appeal followed.

On appeal, employer argues the Commission erred by finding the arbitrator lacked jurisdiction to recall his initial decision, reopen proofs, and issue a second decision.

The issue raised in this case presents a question of law and is subject to *de novo* review. *Cassens Transport Co. v. Industrial Comm'n*, 218 Ill. 2d 519, 524, 844 N.E.2d 414, 418-19 (2006).

Under the Act, unless a party files a petition for review of the arbitrator's decision within 30 days after the party's receipt of a copy of the decision and notification of when it was filed, the arbitrator's decision "shall become the decision of the Commission and in the absence of fraud shall be conclusive." 820 ILCS 305/19(b) (West 2004). Section 19(f) of the Act (820 ILCS 305/19(f) (West 2004)) permits the arbitrator and the Commission to recall their respective decisions to correct clerical or computational errors.

In *Wilson-Raymond Constructors Co. v. Industrial Comm'n*, 79 Ill. 2d 45, 49, 402 N.E.2d 584, 586 (1980), the employer filed a petition to

recall the Commission's decision and requested reconsideration of the merits and to present further evidence. Its petition was filed prior to the expiration of the time frame within which it could seek judicial review of the Commission's decision. *Wilson-Raymond*, 79 Ill. 2d at 49, 402 N.E.2d at 586.

The supreme court, however, noted the Act contained no authorization for the filing of such a petition. *Wilson-Raymond*, 79 Ill. 2d at 56, 402 N.E.2d at 590. It stated that, although section 19(f) provided for petitions to recall in the event of clerical or computational errors, no such error was involved in the case. *Wilson-Raymond*, 79 Ill. 2d at 56, 402 N.E.2d at 590. Further, the court found that, "[b]ecause there [was] no provision for recall [in the Act] other than that provided by section 19(f), [the employer's] petition to recall was a nullity." *Wilson-Raymond*, 79 Ill. 2d at 56, 402 N.E.2d at 590.

Here, the arbitrator issued his initial decision on April 7, 2005. Prior to the expiration of the time within which employer could file a petition for review, it filed a motion to recall the arbitrator's decision and reopen proofs. Although *Wilson-Raymond* involved a petition to recall the Commission's decision rather than that of the arbitrator, the supreme court's reasoning in that case is no less applicable. Only section 19(f) of the Act specifically provides for recall of the arbitrator's or the Commission's decisions, and then only to correct clerical or computational errors. No such errors were present in this case and section 19(f) is inapplicable. No other provision of the Act provided for the filing of employer's motion or the arbitrator's actions in granting that motion, reopening proofs, and issuing a second decision. As in *Wilson-Raymond*, employer's motion and the arbitrator's second decision were nullities.

Additionally, as noted by the Commission, fraud is not a basis for extending the statutory authority of the arbitrator or the Commission. Sections 19(b) and 19(f) of the Act (820 ILCS 305/19(b), (f) (West 2004)) provide for the finality of the arbitrator's and the Commission's decisions, respectively, when further review has not been sought by either party within a particular time frame. Each section also provides for conclusive decisions "in the absence of fraud." 820 ILCS 305/19(b), (f) (West 2004). In *Michelson v. Industrial Comm'n*, 375 Ill. 462, 469, 31 N.E.2d 940, 943 (1941), the supreme court declined to find that the legislature intended the "in the absence of fraud" language to give the Commission the authority to set aside its orders on the ground of fraud. It continued that, without express authority, the Commission was without jurisdiction to so act and the parties were "relegated to a court of equity for relief under a charge of fraud." *Michelson*, 375 Ill. at 469, 31 N.E.2d at 943.

The Act expressly provides for recall of an arbitrator's decision in only one instance, *i.e.*, to correct clerical or computational errors. The arbitrator did not have statutory authority to act and, therefore, was without jurisdiction to recall his decision, reopen proofs, and issue a second decision. The Commission was correct in its assessments and its decision should not be overturned on review.

As we stated in *Ming Auto Body/Ming of Decatur, Inc. v. Industrial Comm'n*, 387 Ill. App. 3d 244, 254 (2008):

> "[A] party may maintain an action before the circuit court to procure relief from a judgment of the Commission based on fraud. See [*Roadside Auto Body, Inc. v. Miller*, 285 Ill. App. 3d 105, 111, 673 N.E.2d 1145, 1149 (1996)] (declaratory judgment action seeking to vacate, as fraudulent, a settlement agreement approved by the Commission); *Daugherty v. National Union Electric Corp.*, 160 Ill. App. 3d 747, 749, 514 N.E.2d 196[, 197] (1987) (action for fraud alleging that the plaintiff's employer had fraudulently understated his wages, which resulted in an award that was substantially below the amount to which the plaintiff would otherwise have been entitled). In such circumstances, a court can review an otherwise conclusive decision by the Commission, even if the procedures and time limitations set forth in section 19(f)(1) have not been followed. 820 ILCS 305/19(f) (West 2002); *Roadside Auto Body, Inc.*, 285 Ill. App. 3d at 111[, 673 N.E.2d at 1149]; *Daugherty*, 160 Ill. App. 3d at 749[, 514 N.E.2d at 197-98]."

Employer may seek recourse for claimant's fraudulent conduct. The appropriate forum for its allegations is in the circuit court. More specifically, we note, section 25 of the Act (820 ILCS 305/25 (West 2004)) expressly provides for criminal penalties and civil liability in the event of fraudulent workers' compensation claims. The record suggests claimant acted fraudulently in pursuing his workers' compensation claim, and employer should seek relief in the appropriate forum.

We note that the facts of this case present an unfortunate scenario. Although employer possessed strong evidence of fraud, the arbitrator lacked the statutory authority to act. Such deficiencies in the Act should be addressed by the legislature.

In retrospect, the issue would be properly before this court if employer's request for a continuance to verify claimant's social security number had been granted. It is also noted that that request informed claimant and his counsel of the asserted fraudulent conduct.

For the reasons stated, we affirm the circuit court's judgment.

Affirmed.

R.E. GORDON, GROMETER, HOLDRIDGE, and DONOVAN, JJ., concur.