# Illinois Official Reports

## Appellate Court

---

### *ABF Freight System, Inc. v. Fretts*, 2015 IL App (3d) 130663

---

| | |
|---|---|
| Appellate Court Caption | ABF FREIGHT SYSTEM, INC., Plaintiff-Appellant, v. DENNIS FRETTS, Defendant-Appellee. |
| District & No. | Third District<br>Docket No. 3-13-0663 |
| Rule 23 Order filed<br>Motion to publish allowed<br>Opinion filed | July 10, 2015<br><br>August 12, 2015<br>August 12, 2015 |
| Decision Under Review | Appeal from the Circuit Court of Kankakee County, No. 12-L-78; the Hon. Kendall O. Wenzelman, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Bradley J. Smith (argued), of Keefe, Campbell, Biery & Associates, LLC, of Chicago, for appellant.<br><br>Thomas A. Kelliher (argued), of Horwitz, Horwitz & Associates, of Chicago, for appellee. |

JUSTICE LYTTON delivered the judgment of the court, with opinion.
                    Justice Schmidt specially concurred, with opinion.
                    Presiding Justice McDade dissented, with opinion.


**OPINION**

¶ 1        Plaintiff, ABF Freight System, Inc. (ABF), appeals from an order dismissing its complaint alleging fraud and seeking to recover workers' compensation benefits paid to defendant, Dennis Fretts, pursuant to section 2-619(a) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a) (West 2012)). We hold that the trial court lacked jurisdiction to hear ABF's claims and affirm.

¶ 2                                      FACTS
¶ 3        ABF, a trucking company that provides long-haul trucking, employed Fretts as a semi-tractor trailer driver for a number of years. In 2009, Fretts filed two workers' compensation claims against ABF in which he alleged he suffered injuries to his right shoulder in 2007 and again in 2009 while loading and unloading a semi truck. In his workers' compensation cases, Fretts was evaluated by doctors who opined Fretts was in need of lifting restrictions based in part on information Fretts provided. One of the doctors believed that the restrictions should be permanent. Because of these lifting restrictions, Fretts claimed he was unable to work for ABF. Relying on these statements, ABF paid Fretts temporary total disability (TTD) payments through September 15, 2011.

¶ 4        On September 15, 2011, ABF received information suggesting Fretts was driving and receiving pay from another trucking company, Havener Enterprises (Havener). ABF hired a private investigator who followed Fretts and videotaped him lifting weights at a local gym. After reviewing the videotaped surveillance, orthopedic surgeon Dr. Steven Mash concluded that Fretts was physically capable of exceeding the lifting restrictions placed upon him by his doctor and that he was able to return to his prior work with ABF.

¶ 5        On May 7, 2012, ABF brought a motion for determination of workers' compensation fraud before the Illinois Workers' Compensation Commission (Commission). In its motion, ABF asserted that Fretts (1) made knowing misrepresentations regarding the extent of his injuries and disabilities in order to obtain workers' compensation benefits, including TTD payments, (2) was secretly driving for Havener, (3) made knowing misrepresentations regarding the extent and nature of his shoulder injuries, his alleged disabilities and his alleged inability to work, and (4) intentionally made false and fraudulent material statements as to the nature and extent of his injuries, the nature and extent of his physical limitations, his alleged disability and his alleged inability to work to both ABF and his physicians.

¶ 6        ABF's motion for a determination of fraud was heard before a Commission arbitrator in August of 2012. At the hearing, Fretts testified that he was unable to obtain other work. He admitted that he worked for Havener for a couple of days driving a flatbed and a pickup truck

to Louisiana. The arbitrator determined that a few days of light duty work did not constitute a stable labor market for purposes of determining TTD eligibility under the Workers' Compensation Act (Act) (820 ILCS 305/1 *et seq.* (West 2012)). In a written order denying ABF's fraud claims, the arbitrator found that "[ABF] failed to show any statement by [Fretts] that was both intentional and fraudulent regarding his working for Havener Enterprises while collecting TTD." She also concluded that ABF "[had] not proven by a preponderance of the evidence, that [Fretts] committed a fraudulent act."

¶ 7      On May 14, 2012, one week after it had filed the workers' compensation motion, ABF filed a civil complaint against Fretts alleging that Fretts (1) fraudulently obtained TTD benefits from ABF while receiving compensation from another employer, (2) made material misrepresentations to obtain insurance benefits, and (3) committed workers' compensation fraud under section 25.5 of the Act (820 ILCS 305/25.5 (West 2012)).

¶ 8      After the arbitrator issued her decision in the workers' compensation case, ABF filed an amended complaint in circuit court, reducing its civil claims to two counts. Count I alleged that Fretts committed insurance fraud pursuant to section 17-10.5 of the Criminal Code of 2012 (720 ILCS 5/17-10.5(e)(1) (West 2012)) when he obtained insurance benefits from ABF through misrepresentation and deception. Count II alleged that Fretts committed common law fraud when making multiple misrepresentations to ABF to obtain workers' compensation benefits.

¶ 9      Fretts moved to dismiss ABF's amended complaint pursuant to sections 2-615 and 2-619(a) of the Code (735 ILCS 5/2-615, 2-619(a)(9) (West 2012)). In an attached affidavit, Fretts admitted that he drove a straight truck for Havener to Louisiana on two occasions: once in August 2011 and again in October 2011. In his motion to dismiss, Fretts argued that ABF's complaint should be dismissed because, among other things, (1) the doctrines of *res judicata* and collateral estoppel barred ABF's claims, and (2) the trial court lacked jurisdiction to hear fraud claims related to a workers' compensation case.

¶ 10      The trial court granted Fretts' motion to dismiss. The court held that:

> "Clearly there is privity of the parties. And it appears that the fact in issue, the alleged filing of a fraudulent workers' compensation claim, is identical to an issue critical to the remaining fraudulent theories contained in the first amended complaint. And lastly, the issue of fraud was brought to a final determination by the [Commission]. Thus under a collateral estoppel analysis, the court finds that the [section] 2-619 basis of the motion to dismiss should be and hereby is allowed."

¶ 11                                 ANALYSIS

¶ 12      An order dismissing a cause of action pursuant to section 2-619 of the Code is reviewed *de novo*. *Selective Insurance Co. of South Caroline v. Cherrytree Cos.*, 2013 IL App (3d) 120959, ¶ 18. In reviewing a motion to dismiss, it is axiomatic that we review the judgment of the lower court, not its reasoning. *Rodriguez v. Sheriff's Merit Comm'n*, 218 Ill. 2d 342, 357 (2006). Therefore, we may uphold the court's judgment on any ground called for by the record. *Id*.

¶ 13      ABF argues that the trial court erred in dismissing its petition because the causes of action for insurance fraud and common law fraud were not adjudicated during the workers'

compensation proceedings and a dismissal based on collateral estoppel would defeat the equitable purpose of the doctrine by preventing ABF from ever litigating its fraud claims.

¶ 14   Illinois courts have original jurisdiction over all justiciable matters. Ill. Const. 1970, art. VI, § 9. The legislature may vest exclusive original jurisdiction in an administrative agency. However, if the legislative enactment does divest the circuit courts of their original jurisdiction through a comprehensive statutory administrative scheme, it must do so explicitly. *People v. NL Industries*, 152 Ill. 2d 82, 96-97 (1992).

¶ 15   Section 18 of the Act specifically states that "[a]ll questions arising under this Act, if not settled by agreement of the parties interested therein, shall, except as otherwise provided, be determined by the Commission." 820 ILCS 305/18 (West 2012). In *Employers Mutual Cos. v. Skilling*, 163 Ill. 2d 284 (1994), our supreme court held that section 18 does not divest circuit courts of jurisdiction. The court held that, since no language in section 18 specifically excluded the circuit courts from deciding workers' compensation cases, the Commission and the circuit court have concurrent jurisdiction. *Id*. at 287. The court noted that while administrative agencies should be given wide latitude in resolving factual issues, questions of law are more appropriately answered by the circuit court. It then concluded that determining the scope of coverage afforded under a workers' compensation insurance provision is a question of law which the circuit court, not the Commission, is in the best position to address. *Id*. at 289.

¶ 16   Our supreme court has also determined that circuit courts have no original jurisdiction in cases involving a determination of workers' compensation benefits. *Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 157-58 (1992). This rule of law was further explained in *Hollywood Trucking, Inc. v. Watters*, 385 Ill. App. 3d 237 (2008). In *Hollywood Trucking*, the employer filed a complaint in the circuit court against its employee alleging that the employee fraudulently misrepresented his medical history during a medical examination. The employer alleged that had it been aware of the employee's medical history, it would not have hired him and would not have subsequently become liable to provide him workers' compensation benefits when he was injured. The circuit court dismissed the fraud count for lack of jurisdiction. *Id*. at 240-41.

¶ 17   The appellate court relied on *Hartlein* and affirmed the dismissal. The court found that the allegations of fraud against the employee concerned the types of factual issues, such as the circumstances of the accident, the nature and extent of the injury and the employer's potential defenses, which should be determined by the Commission rather than the circuit court. *Id*. at 245.

¶ 18   After reviewing these cases and the language of section 18, we have determined that the relevant inquiry is whether the issues in the case involve questions of law or factual issues related to the workers' compensation accident, the nature or extent of the employee's injury or the potential defenses to the workers' compensation claim. If they raise issues of fact related to the payment of workers' compensation benefits, the circuit court's role is appellate only.

¶ 19   Here, ABF filed a motion for determination of benefits before the Commission and then filed a complaint in the circuit court based on identical allegations of fraud and misrepresentation involving the determination of benefits and TTD payments. The circuit court complaint alleges theories of insurance fraud and common law fraud and presents questions of fact, such as the extent or existence of Fretts' injury and his representations to medical personnel regarding his injury both before and during the workers' compensation proceedings. These are questions of fact in which the Commission is in a better position to

draw on its special expertise to answer. See *Hollywood Trucking*, 385 Ill. App. 3d at 245. ABF's complaint does not present a question of law as in *Skilling*. Therefore, the cause should be before the Commission rather than the circuit court.

¶ 20        ABF relies on *Smalley Steel Ring Co. v. Illinois Workers' Compensation Comm'n*, 386 Ill. App. 3d 993 (2008), in support of its argument that the appropriate forum for its allegations is in the circuit court. But its reliance is misplaced. *Smalley Steel* involved a workers' compensation proceeding where the evidence demonstrating fraud was not discovered until after the workers' compensation decision was entered. *Id.* at 994-95. Unlike this case, the fraud evidence at issue in *Smalley Steel* was not presented during the pendency of the workers' compensation proceedings. Moreover, the court in that case found that the Act "expressly provides for recall of an arbitrator's decision in only one instance, *i.e.*, to correct clerical or computational errors." *Id.* at 997. The court noted that the arbitrator had no authority to recall his decision to address allegations of fraud learned after the workers' compensation decision. *Id.* Where evidence of fraud is discovered *after* the arbitrator's decision, the appropriate forum to address the issue is the trial court. *Id.*

¶ 21        In this case, AFB requested that the Commission hear the fraud claim and presented evidence of the alleged fraud in the workers' compensation case, and the arbitrator properly exercised the Commission's jurisdiction in ruling on the fraud claims because they involved factual issues directly related to the determination of the employee's workers' compensation benefits. Consequently, the trial court lacked jurisdiction to hear ABF's complaint. Our disposition of this jurisdictional issue obviates discussion of ABF's contention that the fraud claims are not barred by collateral estoppel.

¶ 22                                        CONCLUSION

¶ 23        The judgment of the circuit court of Kankakee County granting Fretts' motion to dismiss is affirmed.

¶ 24        Affirmed.

¶ 25        JUSTICE SCHMIDT, specially concurring.

¶ 26        While I concur in the judgment, I write separately to point out three things. First, I disagree with *Hollywood Trucking* to the extent that it states the Commission has some special expertise that equips it better than the circuit court to deal with issues of fraud. *Supra* ¶ 17. Second, I do not understand why ABF did not appeal the Commission's decision to the appellate court. Third, I agree with the trial court that ABF's suit attempts to litigate issues that were raised at the Commission. Therefore, I find the suit barred by *res judicata* rather than lack of jurisdiction.

¶ 27        PRESIDING JUSTICE McDADE, dissenting.

¶ 28        The majority has found that we do not have jurisdiction over allegations of fraud in workers' compensation cases unless the claim is discovered after the arbitrator for the Illinois Workers' Compensation Commission (the Commission) has made a decision. For the reasons that follow, I respectfully dissent from that decision.

¶ 29    In *Leviege v. Ford Motor Co.*, No. 07 W.C. 51713, 10 I.W.C.C. 1287, 2010 WL 5584488 (Ill. Indus. Comm'n Dec. 28, 2010), the Commission itself denied it had jurisdiction to determine if fraud was committed in instances involving misrepresentations to acquire workers' compensation benefits. It held that the Commission can make findings regarding credibility of witnesses and weight of evidence but "[it] does not have jurisdiction to determine what, if any, fraud was committed; that issue is the jurisdiction of another tribunal." *Id*.

¶ 30    It is uncertain if this is the reason the Commission's arbitrator in this case made relevant findings but failed to make a determination regarding Fretts' allegedly fraudulent misrepresentations. However, as the majority has pointed out, the statute is clear that once the arbitrator has made a determination on issues presented to her or, as in this case, failed to make a determination, she is prohibited from relitigating the issue by setting aside their order absent fraud in the proceedings itself or a clerical or computational error.

¶ 31    Thus, if the majority is correct in stating our courts do not have jurisdiction to rule on issues of fraud in workers' compensation benefits cases and the Commission is also correct in concluding it too lacks jurisdiction, then a plaintiff like ABF Freight is left without a tribunal able to resolve its justiciable claim of fraud. This is untenable and unjust. Though our courts may not have original jurisdiction over cases involving a determination of workers' compensation benefits (*Hartlein v. Illinois Power Co.*, 151 Ill. 2d 142, 158 (1992)), where the Commission has clearly stated that it is not the proper forum for determinations of fraud, our courts need not forgo our authority to handle the matter. *Kellerman v. MCI Telecommunications Corp.*, 112 Ill. 2d 428, 445 (1986) ("[W]hen an agency's technical expertise is not likely to be helpful, or there is no need for uniform administrative standards, courts should not relinquish their authority over a matter to the agency."). We should find the courts also need not relinquish authority if the agency has denied its own authority to resolve the issue presented.